THE UNION CENTRAL LIFE INSURANCE COMPANY v. SALLIE L. CHOWNING.

No. 95.

1. Constitution—Insurance Statutes.

Article 2953, Revised Statutes, prescribes that "in all cases where a loss occurs and the life or health insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent damages on the amount of such loss, together with all reasonable attorney fees for the prosecution and collection of such loss." This statute, in providing for the recovery of damages or attorney fees, is not violative of the Constitution of this State nor of the United States, and it is a valid law.................................................... ......... 657

**2. Same.**

All persons of its class are treated alike under like conditions, and the act is not obnoxious to section 1 of the Fourteenth Amendment to the Constitution of the United States .................................... 657

**3. Same.**

Nor is the act in conflict with article 1, section 3, of the Constitution of the State, relating to the equal rights of freemen. The law applies to corporations which have only such powers as are granted them; the rights extended are protected........................................ 657

**4. Same.**

Nor is the act in conflict with section 13, article 1, of the Constitution, prohibiting excessive fines, etc. The 12 per cent is given as damages for failure to comply with the contract, and the attorney fees allowed as compensation for the costs of collecting the debt. These are imposed only in case unsuccessful litigation is indulged in by the insurance company...................................................... 658

**5. Same.**

Nor is the law violative of section 19, article 1, of the Constitution, guaranteeing against the seizure, etc., of property, etc., except by due course of the law of the land. This law, enacted by the Legislature in exercise of its constitutional powers, which affords a hearing before it condemns, and renders judgment after trial, is not in violation of this clause of the Constitution.................................... 658

**6. Same.**

The act is not violative of section 16 of article 1, against special laws, etc. It is not special, as it applies to all cases coming under its provisions; and it does not regulate practice except as the awarding of costs may be so considered ............................................... 658

**7. Same.**

The law does not impose penalties for breach of the contract, but attaches charges as costs in cases of the unsuccessful litigation. There is nothing prohibiting the exercise of such power by the Legislature in enacting the law. The good or bad policy of the law are legislative questions over which the courts have no jurisdiction ................ 659

**8. Assignments of Error.**

See assignments of error which are distinguished, some as sufficient and others as being too general........................................ 660

**9. Certified Questions.**

Under section 35 of the act organizing Courts of Civil Appeals, as amended May 2, 1893, these courts are required to certify *the very question* of law to be decided. See illustration of violation of this rule...................................................................... 660

CERTIFIED QUESTIONS from Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

*Bassett, Seay & Muse*, and *Ramsey, Maxwell & Ramsey*, for appellant.

*Leake, Shepard & Miller*, for appellee.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following questions and statement:

"In the above entitled cause the following issues of law arise, which this court deem advisable to present to the Supreme Court of the State of Texas for adjudication, to-wit:

"*Question 1.* Article 2953, Revised Statutes, provides as follows:

"'*Penalty for failure to pay loss.*—In all cases where a loss occurs, and the life or health insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent damages on the amount of such loss, together with all reasonable attorney fees for the prosecution and collection of such loss.'

"Is this statute, in providing for recovery of damages or attorney fees, violative of the Constitution of this State or the Constitution of the United States, or is it valid and legitimate legislation?

"*Question 2.* The first, second, and third assignments of error in this case are as follows:

"'First assignment of error: The court erred in its several rulings upon the issue of alleged waiver by the defendant of the forfeiture of the policy sued on.

"'1. In overruling the defendant's exceptions to the plaintiff's first supplemental petition, alleging such waiver and setting up defendant's alleged custom of dealing with its policy holders.

"'2. In refusing the several special charges requested by the defendant, numbered 1, 2, 4, 5, 7, 8, and 10, relating to that issue, and in submitting the same to the jury, as was done in the general charge and in the second special charge given at the plaintiff's request.

"'3. In overruling the defendant's motion for a new trial based on the insufficiency of the evidence to support the verdict in that respect.

"'Second assignment of error: The court erred in its several rulings touching the alleged agreement between the defendant and Reeves & Chowning and A. C. Reeves, by which they were to act as agents of the defendant in making loans and soliciting insurance, and the alleged services rendered by them under said agreement.

"'1. In overruling the defendant's exceptions to the plaintiff's supplemental petition, alleging said agreement and services.

"'2. In admitting evidence, over defendant's objections, relating thereto, as shown by defendant's bill of exceptions in that behalf.

"'Third assignment of error: The court erred in refusing to instruct the jury as requested by the defendant in its fourteenth special charge, relating to the effect of Chowning's alleged agreement to surrender the policy, and his alleged determination not to pay the premium notes; and

its fifteenth and sixteenth special charges, relating to the alleged tender
of the premium by the witness Williams; and instructing the jury as was
done in the court's charge in chief and in the special charges given at
plaintiff's request in relation to said several matters.'

"Are either of these assignments sufficiently definite or specific under
the rules to require consideration by this court?"

For appellant it is claimed that article 2953, Revised Statutes, denies
to the class of incorporations embraced in its provisions the equal protec-
tion of the law, contrary to the prohibition contained in section 1 of the
Fourteenth Amendment to the Constitution of the United States, and is
therefore void. The reason assigned in support of this contention is,
that all corporations engaged in the business of insurance are not em-
braced in the terms of the law; but it is not claimed that all corporations
embraced in the classes named are not affected alike by its provision.

In 1891 the Legislature of this State enacted a law defining who are
and who are not fellow servants, which related only to employes of rail-
way companies. In Campbell v. Cook, decided by this court at its pres-
ent term [ante, page 630], that law was under consideration, with the
same objection made to it, and based upon the same reasons, as are here
urged against the article of the statutes now in question, and this court
held that the act was not liable to the objection, quoting from Missouri
Pacific Railroad Company v. Mackey, 127 United States, 209, as follows:
" When legislation applies to particular bodies or associations, imposing
upon them additional liabilities, it is not open to the objection that it de-
nies to them equal protection of the laws, if all persons brought under its
influence are treated alike under the same conditions." Pembina Mining
Co. v. Pennsylvania, 125 U. S., 189; Pacific Express Co. v. Seibert, 142
U. S., 353; Railway v. Gibbes, 142 U. S., 391; Electric Lines v. Squire,
145 U. S., 175. This rule is equally applicable to the defendant in this
case and to the law under consideration. All persons of its class are
treated alike under like conditions. The article of the statutes is not lia-
ble to the objection that it denies to appellant the equal protection of
the law.

Appellant's counsel assert that the article in question is in conflict with
article 1, section 3, of the Constitution of the State of Texas, which is in
these words: "All freemen when they form a social compact are entitled
to equal rights, and no man, nor set of men, is entitled to exclusive, sep-
arate public emoluments or privileges but in consideration of public ser-
vices." It is not shown just how the law violates this section, and indeed
it would be difficult to imagine how a corporation, which has no natural
rights, could be said to be entitled to such rights and privileges as grow
out of the formation of a social compact. It is the creature of law, and
entitled to just such rights as the law grants to it. When granted, such

rights are protected from invasion, the same as the rights of any natural person.

Section 13 reads as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law."

The contention is, that the exacting of an attorney fee in case judgment shall be recovered against the insurance company prevents the free resort to the courts. We are referred to Dillingham v. Putnam, 14 Southwestern Reporter, 303, as authority for this position, but that case was decided upon a different principle. That statute required receivers in all cases upon appeal to give bond for double the amount of the debt or judgment recovered. It was held that as the receiver was but a fiduciary, this provision would in many cases prevent appeals altogether, and for that reason was void. In this case the party is not required to pay the fee or the damages as a condition precedent to making a defense, but only in case the defense is not maintained. The 12 per cent is given as damages for a failure to comply with the contract by payment, and the attorney fees are allowed as compensation for the costs of collecting the debt.

Section 19 is as follows: "No citizen of this State shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by the due course of the law of the land."

Mr. Cooley, in his work on Constitutional Limitations, adopts as the best definition, that given by Mr. Webster in the Dartmouth College case, of the term "due course of the law of the land," which is, "By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial." A law which is enacted by the Legislature in the exercise of its constitutional powers, and which affords a hearing before it condemns, and renders judgment after the trial, is not in violation of this provision of the Constitution. The law in question gives to the persons coming within its provisions all of these safeguards, and is valid in that respect.

Finally it is said that this act is in violation of article 3, section 56, subdivision 16, as being a special law regulating practice in the courts. In the first place, it does not regulate the practice except in so far as the awarding of costs may be so considered. It is not a special law, because it applies to all cases that come under the provisions of the statute, and to all persons embraced in its terms. Dillingham v. Putnam, supra.

Appellant claims that the 12 per cent which the statute gives as damages for a failure to pay when due and the attorney fees are penalties for

the breach of the contract, and that the Legislature has no authority to inflict penalties for the breach of private contracts.

The attorney fees are not given for the breach of the contract; they can not be recovered except upon a failure to maintain the defense. No right to an attorney fee attaches upon the failure to pay; it is cost given to reimburse the plaintiff for expenses incurred in enforcing the contract.

If it be conceded that the 12 per cent is a penalty for a failure to pay when due, then the question arises, by what provision of our Constitution is such legislation forbidden, and who will determine as to when the public is so interested in the enforcement of contracts as to justify the Legislature in enforcing their performance by penalties? There is no clause of our State Constitution which expressly nor by implication prohibits the act. But it is said that "the genius, the nature, and the spirit of our State government amounts to a prohibition of such acts, and the general principles of law and reason forbid them." Durkee v. Janesville, 28 Wis., 464; Wilder v. Railway, 70 Mich., 385; The State v. Goodwin, 18 W. Va., 179. We are also referred to San Antonio & Aransas Pass Railway v. Wilson, 19 Southwestern Reporter, 910, as sustaining this proposition. That case rests upon a construction of article 10, section 2, of our Constitution, the correctness of which we are not called upon to determine, which was held to prohibit that character of legislation as to contracts between a railroad company and their employes. We do not understand the learned judge who delivered the opinion of the court in that case to assert the doctrine contended for. It is sufficient to say that the case is not in point as authority upon this question.

The powers of our State government are divided into three distinct departments, each of which is confided to a separate body of magistracy; the legislative functions to one, the executive to another, and the judicial to a third. Each of these departments is expressly prohibited from exercising a power conferred upon either of the others. Art. 2, State Const.

Mr. Cooley, in his work on Constitutional Limitations, pages 154, 155, after treating of various limitations on the legislative power, says: "Besides the limitations on legislative authority to which we have referred, others exist which do not call for special remark. Some of these are prescribed by the Constitution, but others spring from the very nature of free government. The latter must depend for their enforcement upon legislative wisdom, discretion, and conscience. The Legislature is to make laws for the public good, and not for the benefit of individuals. * * * But what is for the public good, and what are public purposes, and what does properly constitute a public burden, are questions which the legislature must decide upon its own judgment, and in respect to which it is vested with large discretion, which can not be controlled by courts, except, perhaps, where its action is clearly evasive, and when under the pretense of lawful authority it has assumed to exercise one that

is unlawful. Where the power which is exercised is legislative in its character, the courts can enforce only those limitations which the Constitution imposes, not those implied restrictions which, resting in theory only, the people have been satisfied to leave to the judgment, patriotism, and sense of justice of their representatives." The State v. McCann, 21 Ohio St., 198; Queen Ins. Co. v. The State of Texas, ante, p. 250.

The justice or injustice, good or bad policy of the law was for the Legislature. The article is not in conflict with the Constitution of the United States or of the State of Texas, and is valid.

The first assignment is subdivided into three propositions, each pointing out a particular ground of error, and if separated would each be sufficient as a distinct assignment of error. The second subdivision specifies seven distinct charges that were refused, of which five appear in the brief of appellant. These are but statements in different forms of one proposition of law, and may be considered together; but as to the other two, we can not tell, as they are not submitted to this court.

The second assignment is likewise subdivided as the first, and presents in different forms alleged error of the court upon one proposition—the alleged agreement between the parties: These assignments are irregular in the manner of presenting the points, but should not be considered as void, the different errors being pointed out by the assignments.

The third assignment embraces at least three distinct propositions, and does not separately specify to the court the particular error complained of. It should not be considered.

The third and fourth questions do not submit to this court questions of law to be answered, but present to this court the supplemental petition of plaintiff covering a number of pages and the defendant's exceptions thereto, and call upon the court to deduce therefrom the questions of law arising thereon and to answer the questions thus deduced therefrom. Section 35 of the act organizing the Court of Civil Appeals as amended by an act approved May 2, 1893, requires the Court of Civil Appeals to certify the very question of law to be decided. For reasons more fully expressed in the case of Waco Water and Light Company v. City of Waco, this court declines to answer questions 3 and 4.

Ordered, that this opinion be certified to the Court of Civil Appeals.

Delivered May 10, 1894.