LOUIS ALLEN BEASLEY *v.* PACIFIC MUTUAL LIFE INSURANCE
CO. OF CALIFORNIA.

(*Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

Roberts & Roberts, for complainant, appellee.

McGugin, Evans & Cate, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

In July, 1924, in another cause, the complainant was decreed indemnity of $100 per month against the defendant Company, upon two policies issued by the latter to the former, it being found in said cause that complainant was "so disabled as to be totally and permanently unable to perform any work." There was no appeal, and the Company continued the monthly payments until May, 1927, when, without notice, or giving any reason therefor, it ceased paying.

In November, 1927, the bill was led in this cause, setting forth the facts outlined above.

A demurrer was interposed to the bill, which was overruled, and a discretionary appeal granted.

The question involved is a construction of the following provision contained in the two policies, to-wit:

"Should the Insured, before attaining the age of sixty years and while this Policy is in full force and no premium thereon in default, become so disabled as to be totally and permanently unable to perform any work or engage in any occupation or profession for wages, com-

pensation or profit, or suffer the irrecoverable loss of the entire sight of both eyes, or the use of both hands or feet, or of one hand and one foot, the Company will waive the payment of future premiums and pay the Insured

. . . Fifty . . . Dollars immediately on receipt of due proof of such disability or loss and a like sum on the first day of each month thereafter as long as the Insured shall live, and such waiver of premiums and payments to the Insured shall not affect any other benefits or values granted under the conditions of the Policy, provided, however, as follows: .

"Should the Insured at any time thereafter, when required by the Company (such requirement, however, not to be exacted more frequently than one a year), be unable to furnish due proof of the continuance of his right to the foregoing benefits, the Company will discontinue the same and require the payment of any premiums which may thereafter become due under the conditions of the Policy, but no reimbursement shall be required for any premiums waived or monthly payments made."

(1) It having been established by judicial decree that the complainant was totally and permanently disabled, under the express terms of the policies, the Company was liable to him for the monthly indemnity stated "so long as he may live." Under the proviso, however, the Company had the right to demand, "not more frequently than once a year," due proof of the continuance of his right to the benefits provided.

In other words, the Company agreed upon the establishment of totally permanent disability to pay the monthly indemnity so long as the insured lived. But, realizing that it sometimes happens that what appears to be per-

manent disability turns out otherwise, the Company reserved the right, not more frequently than once a year, to demand proof of the continuing disability, a failure to comply with the demand releasing the Company from further liability.

*(2)* By the terms of the contract totally permanent disability to work having been established, the Company must continue the monthly payments until a demand for proof is made and not complied with within a reasonable time.

If the demand is complied with the Company must continue the monthly payments.

*(3)* Since the agreement was to pay so long as the insured lived, the burden is on the Company to show that a demand was made and not complied with within a reasonable time. As long as the complainant is alive the only thing that releases the Company from liability is a showing that demand for proof was made and not complied with. Upon it being made to appear that total and permanent disability to work has been established, nothing further appearing, the complainant would be entitled to a decree. A demand and a refusal to comply is a matter of defense.

*(4)* If a complaint is based on a contract all that it is necessary to aver in the bill is the making of the contract, the obligation thereby assumed, and the breach. 21 R. C. L., 493.

In the circumstances of this cause, it was not necessary for complainant to allege in his bill that he was still unable to work. The bill states a good cause of action, and the Chancellor very correctly overruled the demurrer, and his decree will be affirmed and the cause remanded.