## CONNECTICUT GENERAL LIFE INS. CO. v. BERTRAND.

### No. 2201.

Court of Civil Appeals of Texas. Beaumont. March 18, 1932.

Rehearing Denied March 23, 1932.

Barnes & Barnes, of Beaumont, for appellant.

Todd & Todd, of Beaumont, for appellee.

WALKER, J.

This was a suit by appellee against appellant, on allegations of total permanent disability, upon two policies of life insurance issued in appellee's favor under a plan of group insurance whereby appellant insured appellee as an employee of Gulf Oil Corporation and its subsidiary companies. The policies in issue contained a clause insuring appellee against total permanent disability. In his petition he plead two policies, one for $2,500 and the other for $3,000, and prayed also for 12 per cent. damages and reasonable attorney's fees under provisions of article 4736, R. S. 1925. On the verdict of the jury he was given judgment for the principal amount sued for with his damages and attorney's fees in the sum of $750.

That appellee was entitled to judgment for the principal amount of the $2,500 policy was conceded by appellant on oral argument, but the contention was made that the principal amount of the other policy was only $1,-000. This contention must be sustained. The policy sued upon in the sum of $3,000 was originally issued in the sum of $1,000, but it contained a condition automatically increasing its coverage to $3,000 on November 1, 1929, and the following rider was attached to the policy giving effect to this condition: "This is to notify you that in accordance with the terms and subject to the conditions of Group Policy G–5545 the Amount of your Insurance has been increased to $3,000 effective Nov. 1, 1929." For some time after the rider was attached to the policy appellant collected premiums from appellee for the increased coverage. The increased coverage clause. of the policy was subject to the following condition: "The amount of insurance payable in the event of permanent total disability shall be the amount due at the time such disability began." Appellee was injured in 1926, and it was finally determined that total disability resulted from his injuries in 1928, but it was not known until after November 1, 1929, that his disability would be permanent. In its answer appellant denied liability for the increased coverage and pleaded as its defense the clause of the policy just quoted above. Against this answer appellee pleaded estoppel. The facts on this issue are that after appellee was injured he gave due notice to his employer and to appellant of his injury, thereby visiting them with all the facts upon which his cause of action herein is predicated. Though appellee was totally incapacitated from the date of his injury, as said above, it was not known at first that his disability would be permanent, and he and his employer agreed, as they had the right to do under the conditions of the policy, to quote from his brief, "that if he would wait he would be kept on the payroll for insurance purposes and that if he did not get better he would be taken care of for the full amount." At the time this agreement was made the full amount of appellee's insurance was $2,500 on one policy and $1,000 on the

other. This agreement was carried out in good faith by all three parties, that is, appellee, the employer, and appellant. As it was not known on November 1, 1929, the date of the automatic increase in the insurance coverage, that appellee's disability would be permanent, this condition of the policy was given effect, but, as a matter of law, it must be said that the increased coverage was subject to the condition that "the amount of insurance payable in the event of permanent total disability shall be the amount due at the time such disability began." Nothing was done or said by any party that would constitute a waiver of this condition. In fact, all parties were dealing with each other in the utmost good faith. Appellee was not led to change his position for the worse. The agreement postponing settlement under the conditions of the policy was for the mutual interest of all parties. Appellee was to remain on the pay roll of his employer, and, if he got well, was to retain his job. Appellant was not to be called upon to pay for total disability until that issue was fully determined by the development of appellee's case. If he got well, then he was to have his increased coverage. Again, if appellee got well, his employer was to continue having the benefit of his trained services. But if, in the future development of his case, he did not get well, and it was shown that his disability was permanent, then it was the clear intent of the parties that the clause of the policy, limiting his recovery to the date of his injury, was to be given full effect. In our discussion of this issue we want to make the point clear that it is our judgment that the issue of estoppel was not raised by the facts, and not, though raised by the evidence, that the verdict of the jury on the issue of estoppel was so against the great weight and preponderance of the testimony as to be clearly wrong. If the facts stated were, in law, sufficient to raise the issue, we would not disturb the jury's verdict, finding this issue in appellee's favor.

■ The jury's verdict fixing appellee's attorney's fees at the sum of $750 was without support of any affirmative evidence offered by him on this issue. In Norwood v. Ins. Co., 16 S.W.(2d) 842, this court held that the reasonableness of attorney's fees in an insurance case was a question for the jury. The same construction was given article 4736 in American Surety Co. v. Fielder (Tex. Civ. App.) 36 S.W.(2d) 818. Appellee contends that the attorney's fee allowed in insurance cases "is a matter of costs in the case, and as such need not be submitted to the jury." The principal case cited in support of this contention is Insurance Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504. Under the decisions just cited this contention must be denied.

■ While appellant has propositions to the effect that it was not given notice of appellee's claim under his policies and against certain evidence offered by appellee to raise the issue of notice, we understand that all these propositions were abandoned on oral argument. Also, propositions are advanced attacking the form of the submission of total permanent disability. These propositions are denied. It must be said, as a matter of law, that the injuries received by appellee resulted in his total permanent disability from the date of such injuries.

From what has been said, it follows (a) that the judgment in appellee's favor on the issue of attorney's fees must be reversed, and the cause on this issue remanded for a new trial; (b) that his judgment on his policies must be limited to $2,500 on the first policy and $1,000 on the second policy, and as so limited and reformed the judgment on these items is affirmed, with interest at 6 per cent. per annum from March 1, 1931, the date of the filing of the third amended original petition; (c) that he is entitled to 12 per cent. damages on the $3,500, the principal amount of his policies.

Reformed and affirmed in part; reversed and remanded in part.