## CONNECTICUT GENERAL LIFE INS. CO. v. BERTRAND.

### No. 1716—6259.

Commission of Appeals of Texas, Section A.

Nov. 28, 1933.

Barnes & Barnes and C. A. Lord, all of Beaumont, for plaintiff in error.

Oliver J. Todd, of Beaumont, for defendant in error.

SHARP, Judge.

Eugene L. Bertrand filed this suit against Connecticut General Life Insurance Company on allegations of total permanent disability upon two policies of life insurance issued in his favor under a plan of group insurance whereby the insurance company insured Bertrand as an employee of the Gulf Oil Corporation and its subsidiary companies. The policies contained a clause insuring Bertrand against total permanent disability. He pleaded two policies, one for $2,500 and the other for $3,000, and prayed also for 12 per cent. damages and reasonable attorney's fees by virtue of the provisions of article 4736, R. S. 1925. Judgment was rendered in his favor for $5,500, 12 per cent. penalty, and $750 as attorney's fees. An appeal was made to the Court of Civil Appeals at Beaumont, and the judgment of the trial court was reformed to the extent of limiting Bertrand to a judgment of $2,500 on one policy and $1,000 on the second policy, with interest thereon, together with 12 per cent. damages, and that part of the case respecting attorney's fees was reversed and remanded for a new trial. 47 S.W.(2d) 631. A writ of error was granted to review the opinion of the Court of Civil Appeals because of the conflicts alleged in the application of the Connecticut General Life Insurance Company. Because of the granting of the application of the insurance company, the application of Bertrand was also granted.

The substance of the contention made by the insurance company in its application for writ of error is that the Court of Civil Appeals, having held that there could be no liability on the policies and riders in question against it, for more than $3,500, although the suit had been filed for $5,500, erred in holding that Bertrand should have judgment against it for 12 per cent. penalty on the sum of $3,500, and rendered judgment accordingly.

The insurance company filed a tender of premiums under the following conditions as expressed in its pleadings: " * * * And says that if plaintiff has paid any premiums after his disability, if any there be, had begun, and. if the Gulf Refining Company has paid any premiums on said policy after said disability and incapacity, if any, had begun, and tenders into open court said premiums, if any there be established by the evidence adduced in the trial of this cause under the above and foregoing circumstances and conditions, which is not admitted but denied, this tender is made for the use and benefit of the plain-

tiff and said employer, as the facts, if any there be, might be developed to show the amount to which they are entitled under said circumstances."

The insurance company also filed an answer containing a general demurrer, special exceptions, general denial, pleaded the two and four year statutes of limitation, and prayed that plaintiff take nothing by his suit and that it recover costs, etc.

Since Associate Justice Walker has clearly stated the controlling facts and issues in this case, we quote from his opinion as follows:

"The policy sued upon in the sum of $3,000 was originally issued in the sum of $1,000, but it contained a condition automatically increasing its coverage to $3,000 on November 1, 1929, and the following rider was attached to the policy giving effect to this condition: 'This is to notify you that in accordance with the terms and subject to the conditions of Group Policy G–5545 the Amount of your Insurance has been increased to $3,000 effective Nov. 1, 1929.' For some time after the rider was attached to the policy appellant collected premiums from appellee for the increased coverage. The increased coverage clause of the policy was subject to the following condition: 'The amount of insurance payable in the event of permanent total disability shall be the amount due at the time such disability began.' Appellee was injured in 1926, and it was finally determined that total disability resulted from his injuries in 1928, but it was not known until after November 1, 1929, that his disability would be permanent. In its answer appellant denied liability for the increased coverage and pleaded as its defense the clause of the policy just quoted above. Against this answer appellee pleaded estoppel. The facts on this issue are that after appellee was injured he gave due notice to his employer and to appellant of his injury, thereby visiting them with all the facts upon which his cause of action herein is predicated. Though appellee was totally incapacitated from the date of his injury, as said above, it was not known at first that his disability would be permanent, and he and his employer agreed, as they had the right to do under the conditions of the policy, to quote from his brief, 'that if he would wait he would be kept on the pay roll for insurance purposes and that if he did not get better he would be taken care of for the full amount.' At the time this agreement was made the full amount of appellee's insurance was $2,500, on one policy and $1,000 on the other. This agreement was carried out in good faith by all three parties, that is, appellee, the employer, and appellant. As it was not known on November 1, 1929, the date of the automatic increase in the insurance coverage, that appellee's disability would be permanent, this condition of the policy was given effect, but, as a matter of law, it must be said that the increased coverage was subject to the condition that 'the amount of insurance payable in the event of permanent total disability shall be the amount due at the time such disability began.' Nothing was done or said by any party that would constitute a waiver of this condition. In fact, all parties were dealing with each other in the utmost good faith. Appellee was not led to change his position for the worse. The agreement postponing settlement under the conditions of the policy was for the mutual interest of all parties. Appellee was to remain on the pay roll of his employer, and, if he got well, was to retain his job. Appellant was not to be called upon to pay for total disability until that issue was fully determined by the development of appellee's case. If he got well, then he was to have his increased coverage. Again, if appellee got well, his employer was to continue having the benefit of his trained services. But if, in the future development of his case, he did not get well, and it was shown that his disability was permanent, then it was the clear intent of the parties that the clause of the policy, limiting his recovery to the date of his injury, was to be given full effect."

Article 4736 reads as follows: "In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

This statute has been repeatedly upheld by the courts of this state. Union Central Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504. For a collation of the decisions see Shepard's Texas Citations.

That the foregoing article is highly penal and must be strictly construed is well established. Washington Fidelity Nat. Ins. Co. v. Williams et al. (Tex. Com. App.) 49 S.W.(2d) 1093, and authorities therein cited. However, the insurance company made no offer to pay the insured any amount of the principal of the two policies. On the contrary, the insurance company denied all liability for any amount due the insured, and prayed that he take nothing by reason of his suit. The issue was raised as to whether or not Bertrand made demand for the payment of the amounts due him for total and permanent disability under the terms of the policies before filing suit thereon, and the jury answered this issue in the affirmative. The Court of

Civil Appeals did not disturb this finding of the jury.

In the application for writ of error it was contended that the holding of the Court of Civil Appeals in this case conflicted with the following authorities: First Texas Prudential Insurance Co. v. Smallwood (Tex. Civ. App.) 242 S. W. 498; American National Insurance Co. v. Turner (Tex. Civ. App.) 226 S. W. 487; Pacific Mutual Life Insurance Co. v. Carter, 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; Union Terminal Co. v. Turner Const. Co. (C. C. A.) 247 F. 727, 11 A. L. R. 880.

■ As stated, the writ of error was granted upon the alleged conflicts. The precise question involved here was certified to the Supreme Court, and Presiding Judge Gallagher, in the case of National Life Insurance Co. v. Mouton, 113 Tex. 224, 252 S. W. 1040 (Com. App.) in an able and well-considered opinion reviewed some of the foregoing decisions, and pointed out why the rule discussed therein would not control in a case of this kind. In that case an amount in excess of the sum recovered was sued for, and the following question was certified. It reads: "Is the appellee, Mary Mouton, entitled to the statutory damages of 12 per cent. upon the face of the policy, $140, being the amount she recovered, together with the reasonable attorney's fees of $75 for the prosecution and collection of her loss?"

After discussing the cases alleged to be in conflict with the opinion of the Court of Civil Appeals in the case at bar, it was held:

"Upon the maturity of a life insurance policy by the death of the insured the amount due the beneficiary is to be ascertained by construing the provisions of such policy and applying the same to the facts of the case. This the insurance company can do as well or better than the beneficiary. By the terms of the article under consideration a period of 30 days is permitted to elapse in which the company may ascertain the facts and determine whether it is liable, and, if so, the extent of its liability, before it can be subjected to the additional burdens imposed thereby. Regardless of the amount demanded by the beneficiary, it can discharge its full duty in the premises, and absolve itself from liability under said article by paying or offering to pay the amount actually due within the time so specified. The duty to do so is, in our opinion, imposed, at least by implication, by the terms of said article. In this case appellant never admitted its liability in any sum whatever. It contested appellee's demand, after she reduced the amount thereof, as vigorously as it did before. It contends on this appeal that plaintiff's recovery is without support in the evidence. We do not think appellant was excused from the duty of paying or offering to pay the amount actually due appellee on the policy sued on in response to her demand, because she originally construed such policy to entitle her to a larger sum than she was actually entitled to receive. Nor do we think that appellant is entitled, notwithstanding such demand, to contest her claim to final judgment in the appellate court, and still escape the burden imposed by said article on the ground that she misconstrued its contract and demanded more than she was entitled to receive.

"We answer the question certified as follows: The appellee, Mary Mouton, is, under the facts certified, entitled to the statutory damages of 12 per cent. on the amount of the policy sued on, and reasonable attorney's fees for the prosecution and collection of her loss in the sum of $75, as fixed by the judgment of the court."

■■ The issue of the reasonableness of attorney's fees in an insurance case, under the foregoing statute, is a question of fact to be determined and must be supported by competent evidence. Any other rule would leave the determination of that issue entirely on a basis of speculation and uncertainty. The issue as to what was a reasonable attorney's fee was submitted to the jury, and they answered $750. The Court of Civil Appeals held that the finding of the jury upon this issue was without support of any affirmative evidence offered by the insured, and the case as to this issue was reversed and remanded for a new trial. Where the Court of Civil Appeals, for the reasons above stated, reverses and remands a cause, the rule applicable thereto is stated by Mr. Justice Greenwood in the case of Marshburn v. Stewart, 113 Tex. 519, 254 S. W. 942, 260 S. W. 565, 566, in the following language: "This case comes within the rule that, in a case remanded by the Court of Civil Appeals for a new trial on the facts, its finding of no evidence, though one of law, must be held, in the absence of contrary language, to include the finding of insufficient evidence, though one of fact, and that hence the order of remand must be respected by the Supreme Court."

We recommend that the judgment of the Court of Civil Appeals reforming the judgment of the trial court allowing the insured to recover the sum of $3,500, with interest thereon at the rate of 6 per cent. from March 1, 1931, and 12 per cent. damages thereon from the insurance company and reversing and remanding for a new trial the issue of attorney's fees, be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.