## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. BERRYHILL.

### No. 2972.

Court of Civil Appeals of Texas. El Paso.
March 15, 1934.

Rehearing Denied March 29, 1934.

H. D. Stringer and R. A. D. Morton, both of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

HIGGINS, Justice.

On January 24, 1922, appellant issued to appellee a policy of insurance. The terms of the contract pertinent to a consideration of questions here presented read:

"Should the insured, before attaining the age of sixty years and while this Policy is in full force and no premium thereon in default, become so disabled as to be totally and permanently unable to perform any work, or engage in any occupation or profession for wages, compensation or profit, or suffer the irrecoverable loss of the entire sight of both eyes, or the use of both hands or feet or of one hand and one foot, the Company will waive the payment of future premiums and pay the Insured One Hundred Dollars immediately on receipt of due proof of such disability or loss and a like sum on the first day of each month thereafter as long as the Insured shall live, and such waiver of premiums and payments to the Insured shall not affect any other benefits or values granted under the conditions of the Policy, provided, however, as follows:

"Should the Insured at any time thereafter, when required by the Company, (such requirement, however, not to be exacted more frequently than once a year) be unable to furnish due proof of the continuance of his right to

the foregoing benefits, the Company will discontinue the same and require the payment of any premiums which may thereafter become due under the conditions of the policy, but no reimbursement shall be required for any premiums waived or monthly payments made."

On May 3, 1932, through the accidental discharge of a shotgun, appellee was shot in his left hand and right foot.

Upon the theory that such injury had caused the irrecoverable loss of the use of such hand and foot, appellee brought this suit to recover seven past-due monthly installments of $100 each, the statutory 12 per cent. penalty and attorney's fee.

The first question submitted inquired whether on May 3, 1932, plaintiff suffered the irrecoverable loss of the use of his left hand.

The second question made like inquiry concerning the right foot.

■ In this connection the court charged that the "irrecoverable loss of the use of a hand or a foot is the total permanent loss of the functions of said member to the extent that said member is of no practical use or benefit, without reasonable hope or expectation of regaining the use of such member."

An instruction requested by defendant was given which reads: "In connection with Questions 1 and 2 you are instructed that the phrase 'irrecoverable loss of the use' means whether the member is so injured that there is no reasonable probability that the member will ever be of any practical use. If the member is so injured, there is such irrecoverable loss of the use, but if it is not so injured, then there is no such loss of the use."

Both of the questions stated were answered in the affirmative.

The third question inquired what would be a reasonable attorney's fee for the institution and prosecution of plaintiff's claim upon the policy. This was fixed at $1,500. In connection with this question, the court charged: "That you may take into consideration the nature and character of such services, the amount involved, the interest at stake, the services performed, the length of time occupied in the performance of such services."

Judgment was rendered in plaintiff's favor, finding he "suffered the irrecoverable loss of the use of one hand and one foot, to wit: his left hand and right foot, on the 3rd day of May, A. D. 1932," and awarding recovery of the monthly payments sued for, with 12 per cent. penalty and attorney's fee of $1,500 to be taxed as costs.

Our conclusions disposing of the questions raised will be briefly stated. Extended discussion is regarded as unnecessary.

The court's definition of irrecoverable loss of the use of a hand or foot, in connection with the charge requested by defendant, is correct. Citizens' M. L. I. Ass'n v. Kennedy (Tex. Civ. App.) 57 S.W.(2d) 265; Modern Order of Praetorians v. Taylor, 60 Tex. Civ. App. 217, 127 S. W. 260; Brotherhood, etc., v. Britton (Tex. Civ. App.) 292 S. W. 286, 287; United States v. Clapp (C. C. A.) 63 F.(2d) 793.

It is not objectionable as being upon the weight of the evidence. Charges general in their nature and undertaking to instruct the jury as to the law arising upon the facts are improper in special issue submissions, but the definition given cannot properly be regarded as of such nature. Missouri, K. & T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854.

■ The testimony of plaintiff and Drs. Mason and Clark is ample to show an irrecoverable loss of the use by plaintiff of his left hand and right foot, as the term was defined by the court. It is true there is testimony by other medical experts that the functions of such members have not been entirely destroyed, and there is a chance of saving the same so they will be of some use, but such testimony presented only an issue of fact for the jury's determination which was resolved in the plaintiff's favor. The finding made is controlling in the state of the evidence.

■ Complaint is made of that portion of the judgment adjudging plaintiff had suffered the irrecoverable loss on May 3, 1932, of the use of one hand and one foot. Error is also assigned to the refusal to incorporate in the judgment a provision that it was without prejudice to the rights of the defendant in any future litigation and protecting defendant in its right to discontinue payments should plaintiff in the future be unable to furnish due proof of the continuance of his right to the monthly payments.

The basic issue in the case as made by the pleadings and evidence and upon which the rights of the parties depend is whether the plaintiff has suffered the irrecoverable loss of the use of one hand and one foot. The plaintiff's right to recover the sums sued for depends upon an affirmative showing that he has suffered such loss. It was proper to expressly adjudicate the controlling issue in the case, though, in truth, it added nothing to what would have been the legal effect of a judgment simply awarding a recovery of the sums sued for. A judgment of the latter nature by necessary implication would have been

res judicata of the issue of irrecoverable loss. Great Southern L. I. Co. v. Johnson (Tex. Com. App.) 25 S.W.(2d) 1093, 1094; Beasley v. Pacific M. L. I. Co., 158 Tenn. 346, 13 S.W.(2d) 330.

■■ And we are of the further opinion the court properly refused to incorporate a no prejudice provision in the judgment, thus leaving undetermined the controlling issue in the case and permitting future litigation over the same.

It has been established by judicial decree the plaintiff has suffered the irrecoverable loss alleged. Under the terms of the policy and the fact thus established, he is entitled to payments of $100 per month as long as he lives and to be relieved of the payment of future premiums. The provision of the policy, giving defendant the right to discontinue such payments in the event plaintiff should be hereafter unable to furnish due proof, can have no proper application where the issue of an irrecoverable loss has been judicially ascertained and established.

In this connection, appellant refers to the cases above cited, but they do not involve the question here presented. Neither of such cases determine whether a nonprejudice provision should or should not have been incorporated in the judgment. The question involved in those cases was that of res judicata.

In Southern Casualty Co. v. Morgan (Tex. Civ. App.) 299 S. W. 476; Id. (Tex. Com. App.) 12 S.W.(2d) 200; Id. (Tex. Com. App.) 16 S.W. (2d) 533, the question arose under the Workmen's Compensation Act, and for this reason it has no present application. The other authorities cited deal with the law of res judicata, which is not the question here presented.

■ The assignment questioning the validity of the Texas attorney's fee and penalty statute (article 4736, R. S., as amended by Acts 1931, c. 91, § 1 [Vernon's Ann. Civ. St. art. 4736]), upon the ground that it violates the due process and equal protection clauses of the Federal Constitution (Amend. 14), is overruled. Fidelity M. L. Ass'n v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922; Union C. L. & I. Co. v. Chowning, 86 Tex. 624, 26 S. W. 982, 24 L. R. A. 504; Manhattan L. I. Co. v. Cohen (Tex. Civ. App.) 139 S. W. 51.

■■ The statute in question was amended in 1931 by adding the following: "Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy." (Vernon's Ann. Civ. St. art. 4736.)

It is urged that, since the statute provides that the attorney's fee shall be taxed as costs and fixes no amount, it is, so far as concerns attorney's fees, too indefinite, and for that reason invalid; also that a matter of costs is not a proper subject for submission to the jury.

The attorney's fees are not to be regarded as costs in the ordinary sense of the small fees allowed court officers. People of Sioux County v. National S. Co., 276 U. S. 238, 48 S. Ct. 239, 72 L. Ed. 547; Missouri State L. I. Co. v. Jones, 290 U. S. 199, 54 S. Ct. 133, 78 L. Ed. —, decided December 4, 1933.

The amount to be allowed as attorney's fees was a proper matter for submission to the jury. Connecticut G. L. I. Co. v. Bertrand (Tex. Civ. App.) 47 S.W.(2d) 631; Id. (Tex. Com. App.) 65 S.W.(2d) 279.

The objection that the statute, for the reason indicated, is too indefinite to be valid, is regarded as without merit.

■ Nor do we regard as tenable the position taken by appellant that the statute, because of the amendment of 1931, cannot constitutionally be made applicable to the present case. Funkhouser v. J. B. Preston Co., 290 U. S. 163, 54 S. Ct. 134, 78 L. Ed. —, decided December 4, 1933.

Under the authority of the cases cited, the amendment is not to be regarded as impairing the contractual obligation of appellant.

■ To the charge given in connection with the issue of attorney's fees, appellant objects upon the ground that it allows a double recovery and includes elements which are not proper. The charge in question is quoted above. It is not subject to the criticism made.

The ruling upon evidence complained of under points of error 7, 8, and 9 presents no error. The evidence was properly admissible for the purpose to which it was limited by the court at the time of its admission, and a supplemental charge given by the court limiting the effect of such evidence was correct and properly protected the appellant's rights in the matter.

■■ There was no error in admitting the letter from appellee's attorneys to appellant demanding payment and appellant's reply thereto. The letter to appellant was admissible as a predicate for the recovery of the statutory penalty and attorney's fees. Appellant's reply was admissible to show receipt

788

of such demand and refusal to pay. Such reply was not an offer to compromise as appellant asserts. On the contrary, it repudiated liability.

Other rulings upon evidence are complained of. They are without merit and call for no discussion.

The only other question in the case arises upon the claim that the allowance of $1,500 as attorney's fee is excessive. Two members of the bar testified concerning this matter. One of them expressed the opinion that $1,500 to $2,000 would be a reasonable fee for representing the plaintiff in the suit. The other attorney fixed $750 cash as a reasonable fee. In considering this question, this court is not bound by the direct testimony upon the issue, but we may "view the matter in the light of the testimony, the record before them, the amount in controversy, and their own common knowledge and experience as lawyers and judges." Southland L. I. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767, 769.

The amount in controversy involves more than the seven monthly payments sued for and penalty thereon, for the judgment is res judicata of the disability claimed by plaintiff and of his right to the monthly payments in the future as provided by the policy.

This court is always reluctant to interfere with a jury's finding upon an issue of fact, and the majority of the court see no occasion to interfere with the finding fixing $1,500 as a reasonable fee. The writer inclines to the view that $1,000 would be an ample fee and a remittitur of $500 should be required, but he will not dissent from the holding of the majority that we should not interfere with the finding of the jury upon the issue.

Affirmed.