## METROPOLITAN LIFE INS. CO. v. WANN.
### No. 12947.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 25, 1935.

Rehearing Denied Feb. 22, 1935.

Vinson, Elkins, Sweeton & Weems and Fred R. Switzer, all of Houston, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by William Charles Wann against the Metropolitan Life Insurance Company to recover on a certificate of insurance issued to him by the defendant, and from a judgment in his favor the insurance company has perfected this appeal.

A former appeal in the same case was finally disposed of by the Commission of Appeals as reported in 41 S.W.(2d) 50. The certificate of insurance made the basis of the plaintiff's suit is set out in full in the opinion in that case. In the original certificate issued, and also in the second certificate on which the suit was instituted, there is a recital that the same was issued subject to and under the conditions of group policy No. 2000–G, which the Commission of Appeals held to constitute a part of the contract on which the suit was based, and the judgment in favor of plaintiff was reversed because of his failure to allege and prove the provisions of that group policy.

After that decision was handed down plaintiff filed a second amended original petition alleging the issuance of the group policy and that the certificate was issued in conformity therewith, further alleging that the group policy was in possession of the defendant,

who was given notice to produce the same upon the trial of the case. When the case was tried a copy of the group policy was introduced. It was a policy issued by the defendant to the Southern Pacific Lines of railroad in Texas and Louisiana and provides for insurance in favor of employees of the lines and stipulates the amount of insurance in their favor. Among others, that policy includes the following provisions: · ·

"The company will issue to the Employer for delivery to each Employee insured hereunder an individual certificate showing the insurance protection to which such Employee is entitled, the beneficiary to whom payable, together with a statement that in case of the termination of the employment with the Employer, for any cause whatsoever, such Employee shall be entitled to have issued to him by the Company, without evidence of insurability, and upon application to the Company within thirty-one days after such termination of employment and upon payment of the premium then applicable to the class of risk to which he belongs and to the form and amount of the policy at his attained age (nearest birthday), a policy of life insurance in any of the forms customarily issued by the Company, except Term Insurance, in an amount equal to the amount of his protection under this Policy at the time of termination. * * *"

Then follow provisions for the payment to the employee of weekly installments over a period of one year while the employee is alive or for the payment to the administrators or executors of his estate of an amount to be arrived at by a computation stated.

"Upon receipt at the Home Office in the City of New York, of due proof that, any Employee, not working in Mexico, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will, in lieu of the payment at death of the insurance on the life of the said Employee, as herein provided, pay equal monthly instalments as hereinafter described to the said Employee, or to a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said Employee."

In his petition plaintiff alleged that on or about the 28th day of September, 1926, he sustained an injury to his left hand, wrist, and arm, and as the direct result of said injury he has been wholly prevented from performing any work or labor for compensation or profit, and has been totally and permanently disabled, and was permanently, continuously, and wholly prevented from the performance of work for compensation or profit. He further alleged in his petition that he had paid all dues owing by him upon the certificate sued on and had furnished and provided the defendant with proof of his disability in accordance with the terms of the contract of insurance; that he had made demand of the defendant for the payment of insurance due him in accordance with the terms of its contract of insurance with him, which demand had been refused, and by reason of such refusal he sought a judgment for the amount of the insurance stipulated in the certificate plus the 12 per cent. statutory penalty and attorney's fees allowed by the provisions of article 4736 of the Revised Civil Statutes of Texas, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann. Civ. St. art. 4736); and he recovered judgment for the amount so claimed.

It is clear that the certificate of insurance upon which plaintiff based his suit was issued in compliance with the very terms of the group policy quoted above, and that the two contracts construed as parts of the whole gave plaintiff the right of indemnity provided for in the certificate of insurance issued to him.

Following were special issues submitted to the jury, with their findings thereon:

"1. Do you find from a preponderance of the evidence in the case that the plaintiff, William Charles Wann, received any bodily injury on September 28, 1926, while performing his duties as an employee of one of the Southern Pacific Lines in Texas? Answer: Yes.

"By the term 'bodily injury' as used in this charge means damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom.

"If you have answered question No. 1 in the negative, you need not answer this question, but if you have answered the same in the affirmative, then answer the following question:

"2. Do you find from a preponderance of the evidence that the plaintiff's injury, if any, was such that he was thereby, from the date of said injury, permanently, continuously and wholly prevented from substantially engaging in any occupation?

"Answer 'yes' or 'no.' Answer: Yes.

"3. Do you find from a preponderance of the evidence that plaintiff's injury, if any, was such that he was thereby from the date

of said injury, permanently, continuously and wholly prevented from substantially performing any work for compensation or profit?

"Answer 'yes' or 'no.' Answer: Yes.

"By the term 'substantially,' as used in the two preceding questions, is meant 'in a substantial sense or manner; actually; really.'

"If you have answered questions No. 2 and 3, or either of them, in the negative, you need not answer this question, but if you have answered the same in the affirmative, then answer:

"4. What do you find from a preponderance of the evidence is a reasonable cash attorney's fee, if any, for the service of plaintiff's attorneys in the preparation and trial of this case in the District Court?

"Answer in dollars and cents. Answer: $500.00."

■ Appellant insists that the evidence introduced was insufficient to support the jury's findings that by reason of his injury and from the date of its occurrence the plaintiff was permanently, continuously, and wholly prevented from performing any work for compensation or profit, and that therefore the court erred in refusing its request for a directed verdict in its favor. Testimony given by the plaintiff himself is quoted in appellant's brief which it is claimed refuted those findings of the jury. According to that testimony, following the injury he did some work on a farm, worked for a short time as news butcher on a train, assisted his wife in running a little lunch and drink stand, peddled peanuts, and other odd jobs of the same character. But according to his further testimony he attended school up to the fourth grade, then went to work for the railroad at the age of fourteen, at which he has continued ever since, and is not qualified to follow any other occupation. He further testified that he had pains all the way from his wrist bone up to the muscles in his elbow, which continued all the time; that he couldn't work as a news butcher because of the strain on his nerves and the pain he suffered; that he had pains when trying to sell peanuts and had to sit down and rest; had to quit his runs as a news butcher because his nerves went all to pieces and pain in his arm continued all the time. His testimony of the pain suffered by him was corroborated by that of his wife. Mr. Armer, one of appellant's witnesses, after testifying to the work done for him by Wann as a news butcher, further testified that Wann finally quit of his own accord because of pain that he suffered and because his expenses consumed the commissions he earned, and further that Wann could not use his arm to do any good and the witness had paid to Wann's wife a commission for running the fruit stand. According to the testimony of both Armer and plaintiff himself, Wann's personal expenses incurred while serving as a news butcher on the train, including hire of others to load his baskets on the cars and unload them at Texline, the end of his run, hotel bills while away from his home out on his run, his trips consuming 32 to 38 hours, were about equal to the amount of his earnings as a news butcher. According to Wann's further testimony, his injured hand was not sensitive to fire or needles drawn through it, and Dr. Brannon, one of the appellant's witnesses, testified that if the nerve was severed at the wrist but adhered to the bone in callous formation, the pain on use would be higher up in the arm.

The case of Great Southern Life Insurance Co. v. Johnson (Tex. Com. App.) 25 S.W.(2d) 1093, was a suit upon a policy of insurance which provided for the payment of benefits by the insurance company if Johnson should sustain an injury on account of which he should be "permanently, continuously and wholly prevented from performing any work or compensation for profit or from following any gainful occupation." The insured had been an active merchant but had never followed any other business. After his injury he followed his business for a short while, but finally went bankrupt and was later elected a justice of the peace, which office he was continuing to hold. In that case the insurance company contended that the evidence showed conclusively that the plaintiff had not been wholly and continuously prevented from performing any work for compensation or profit. That contention was overruled by the Commission of Appeals upon the conclusion reached that that issue was for determination by the jury; that such a clause in the policy should be reasonably construed; that a literal construction, quoting from Hefner v. Fidelity & Casualty Co., 110 Tex. 596, at page 605, 160 S. W. 330, 334, 222 S. W. 966, "would require a complete loss of all physical power and mental capacity; in fact, it would scarcely happen that one could live and bring himself within the literal language of the contract."

The decision of the Commission of Appeals was to a like effect in Kemper v. Police & Firemen's Insurance Association, 44 S.W.(2d) 978, 48 S.W.(2d) 254. In that case Kemper, the plaintiff, sustained an injury to his throat and lungs at a fire, resulting in his death some twenty days later, but after his injury

he returned to his work and continued therein for about one week prior to his last illness. In that case it was held that whether or not plaintiff's disability to work was immediate and continuous from the date of his injury, within the terms of the policy, was a question to be determined by the jury, and we quote the following from that opinion, 44 S.W.(2d) loc. cit. 981: "We think that the requirements of this policy to the effect that the disability shall be immediate, and total from injury to death, should be given effect, but in our opinion a person who dies from accidental injury does not have to be flat on his back, unable to move or think, from the time of injury to the time of death in order to qualify as totally disabled between such times, within the meaning of this policy. Neither is it necessary for him to be carried from the scene of the injury on a stretcher or in an ambulance to his death bed, in order for his beneficiary to recover on the contract. It is enough if he is in such a physical condition produced by the injury as common care and prudence would have required the insured to consider himself totally incapacitated to discharge his duties as a fireman, and the mere fact that a strong will and great courage might cause the insured to do that which he was unable to do without great physical pain and effort would not, as a matter of law, show that he was not totally disabled."

No issue was submitted to the jury as to whether or not plaintiff furnished the company proof of his injury within the time stipulated in the policy of insurance, and appellant insists that his suit must fail for lack of such a finding and lack of any pleading of waiver of that requirement. The record shows that plaintiff testified without objection that he gave the defendant notice of his claim; that he took up the matter with the superintendent, Mr. Holloman, at Ennis, who wrote him two or three letters concerning the matter; that he filled out blank proofs of loss furnished to him by the company, and mailed them to the defendant at its New York office; that he wrote the defendant company at its office in New York a letter telling them of his injuries and mailed it in the United States mail duly addressed and stamped and to which letter he received a direct reply which he thought was used on a previous trial of the same case. There was also introduced in evidence a letter from the claim division of the defendant company, dated December 17, 1926, with the heading "Disability, Group 2000, Serial 79350, William Charles Wann," and addressed to Walter D. Nicholson, attorney at law, Fort Worth, Tex., who was plaintiff's attorney. The body of this letter reads: "Your December 9 letter is acknowledged. This insurance is cancelled for the non-payment of the September 30, 1926, premium and is not in benefit. * * *"

Although it is a well-recognized rule that the uncorroborated testimony of a party to a suit will not warrant a peremptory instruction to the jury, yet the rule is otherwise if such testimony is corroborated in a material respect and no evidence is offered to contradict it by the opposing party. Hence the mere absence of a finding by the jury that the plaintiff did furnish the proof required by the contract of insurance furnishes no obstacle to plaintiff's recovery. See rule 62–A for the Courts of Civil Appeals; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W. (2d) 210.

We overrule the further contention that since the group insurance policy was issued in the state of New York, where the defendant had its principal office and place of business and in which state there is no statute authorizing a recovery of the penalty and attorney's fees that were awarded in this case, article 4736 of the Revised Civil Statutes of this state, as amended by the 42d Legislature, 1931, c. 91, § 1 (Vernon's Ann. Civ. St. art. 4736), cannot be given effect without violating the Fourteenth Amendment of the Federal Constitution. The testimony showed that the certificate upon which plaintiff based its suit was delivered to him in the state of Texas, where he worked continuously up to the time of his injury and where he made payment of the premiums due on his policy to the defendant, who was then doing business in the state of Texas under a permit granted by the laws of this state. Article 5054 of the Revised Civil Statutes of this state reads as follows: "Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed, and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same."

See, also, Fidelity Mutual Life Ass'n v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922; Amarillo Natl. Life Ins. Co. v. Brown (Tex. Civ. App.) 166 S. W. 658; Union Cen-

tral Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504.

While the group policy was the primary basis of the contract of insurance issued to the plaintiff, it was a contract with the Southern Pacific Lines alone and was an agreement with the railroad company to issue to its employees contracts of insurance in substantially the same terms as the certificate of insurance thereafter issued to plaintiff Wann, and therefore it could not be said that the rights given under the contract evidenced by that certificate were in any manner restricted or modified by the terms of the group policy. And perforce of the statute just quoted, the contract of insurance sued on must be governed by the laws of this state and not by the laws of the state of New York, as insisted by appellant. This conclusion is supported by the decision of this court in the case of Metropolitan Life Ins. Co. v. Worton, reported in 70 S.W.(2d) 216, in which a writ of error was refused.

Nor did plaintiff waive his right to recover the statutory penalty by failure to sue for the same in the original petition filed September 22, 1928, and claimed that right for the first time in his amended petition filed April 22, 1929. His second amended original petition was filed October 17, 1932, to which the defendant filed a general denial on November 4, 1932, and the case was tried January 28, 1933. We quote the following from the opinion of the Commission of Appeals in Washington Fidelity Ins. Co. v. Williams, 49 S.W.(2d) 1093, 1094: "However, it appears that actual demand was made of the insurance company for payment of the policy after suit was filed and more than thirty days before the trial, and payment thereof declined by the insurance company. Furthermore, in the answer filed in the suit by the insurance company, it denied liability on the policy. In the event a recovery is obtained for the principal sum stated in the policy, these facts, when properly alleged, authorize a recovery of 12 per cent. damages together with a reasonable attorney's fee for the prosecution and collection of such loss."

The word "permanently," as used in special issue No. 2 submitted to the jury, is not defined by any statute, and is one in common use and of well-known meaning; therefore a definition of it was not necessary to enable the jury to properly pass upon and render a verdict on such issues, within the requirement of article 2189, Rev. Civ. Statutes. Such was the specific holding in Bankers Lloyds v. Pollard (Tex. Civ. App.) 40 S.W.(2d) 859, and in that case a writ of error was refused by the Supreme Court. See, also, Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833.

All assignments of error are overruled, and the judgment of the trial court is affirmed.