## AMERICAN NAT. INS. CO. v. WALSH.

### No. 9844.

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1936.

Claud J. Carter, of San Antonio, for appellant.

Charles W. Anderson, of San Antonio, for appellee.

SMITH, Chief Justice.

This action is for the amount of insurance upon the life of Gertrude M. Pia, née Aldrich, whose death was presumed because of seven years' absence, as provided in article 5541, R.S.1925. Gertrude Walsh, the beneficiary designated in the policies of insurance in suit, recovered the amount of said policies, plus the prescribed penalty of 12 per cent. of said amount, and $150·attorney's fee, as provided in article 4736, as amended by the Acts of 1931 (42d Leg. p. 135, c. 91, § 1 [Vernon's Ann.Civ.St. art. 4736]). The cause was tried by the court without a jury.

The evidence supported the presumption of death as contemplated in the statute, and the judgment based thereon will not be disturbed.

But there was no evidence upon the issue of the amount or reasonableness of attorney's fee. The statute is highly penal in its nature, and must be strictly construed and pursued in order to warrant recovery thereon. The reasonableness of the attorney's fee is purely a question of fact, and must be established by competent affirmative evidence, before judgment can be rendered for such fee. Connecticut General Life Ins. Co. v. Bertrand (Tex.Civ.App.) 47 S.W.(2d) 631; Id. (Tex.Com.App.) 65 S.W. (2d) 279; Wichita Valley Ry. Co. v. Wood (Tex.Civ.App.) 284 S.W. 301; Quanah, A. & P. Ry. Co. v. Price (Tex.Civ.App.) 192 S.W. 805. Therefore, the judgment for attorney's fee, being without any evidence to support it, cannot stand.

Accordingly, the judgment will be affirmed, upon condition that appellee, within ten days from rendition hereof, shall file remittitur of $150; otherwise the judgment will be reversed in its entirety, and the cause remanded for another trial.

Affirmed on condition.