### GULF, COLORADO & SANTA FE RAILWAY COMPANY v. JAMES WISHART.

Decided February 17, 1902.

**1.—Damage to Land—Overflow—Railroads—Evidence.**

Where plaintiff sued a railway company for damages resulting from an overflow of his land caused by the closing of a culvert and construction of an embankment, evidence was admissible for the defendant to show that the land was low and flat and had overflowed before the embankment was built.

**2.—Same—Charge.**

A charge precluding a recovery by plaintiff if his land was subject to overflow after defendant had put in a culvert and before it had filled it up and substituted a ditch to drain the land, was erroneous in denying recovery if the land was at all subject to overflow and would properly apply only where the filling up of the culvert and substitution of the ditch for it did not increase the overflow of the land.

Appeal from the County Court of Burleson. Tried below before Hon. E. E. Porter.

*J. R. Heslop* and *J. W. Terry,* for appellant.

GARRETT, CHIEF JUSTICE.—As we are of the opinion that the judgment of the court below should be reversed for the error of the trial court in giving the instruction as hereinafter shown, we will not pass upon the sufficiency of the evidence to support the verdict of the jury. Wishart brought the suit against the railway company to recover damages for the overflow of land. It was claimed that the closing by the defendant of a culvert in the roadbed and the construction of a ditch to run the water off caused the water to back up on the land of the plaintiff and overflow it. On the part of the defendant evidence was introduced to show that the land was low and flat and that water stood

upon it whenever it rained, notwithstanding the presence of the railroad track, and evidence had been received to show that the land had overflowed before the defendant threw up the embankment and stopped the culvert.

In his charge to the jury the court limited the effect of such testimony to the purpose only of showing the character of the land, whether it was level or low or otherwise. This was clearly error, because the evidence was admissible for all purposes, as it tended to show a complete defense to the plaintiff's cause of action. From this instruction the jury might have been misled into the belief that it would not have been a defense to the suit if the land was subject to overflow before the road was built, or if it was as much subject to overflow while the culvert was open as it was after the culvert was closed and the ditch had been constructed. The defendant requested the following special instruction:

"If you believe from the evidence that plaintiff's land was subject to overflow after the defendant put in the culvert and prior to the time the defendant filled up said culvert and cut the ditch along its right of way for the purpose of draining the land adjacent thereto, or if you believe from the evidence that said ditch drains plaintiff's land as well as the culvert did prior to the time that defendant filled it up, you will find for the defendant."

If the filling up of the culvert and substituting for it the ditch did not increase the overflow of plaintiff's land, then he ought not to recover, but the first part of the instruction denies recovery if the land was at all subject to overflow before the filling of the culvert and the construction of the ditch. The last part of the charge is correct. It would have been proper to have given the jury an instruction such as requested with the modification indicated as to the increase of the overflow, as it would have been pertinent to the facts and have placed the issue clearly before them. It is unnecessary for any practical purpose on another trial to pass upon the assignment of error as to the manner of making the statement of facts by the trial judge. For the error indicated the judgment of the court below will be reversed and the cause remanded for another trial.

*Reversed and remanded.*