**AMERICAN NAT. INS. CO. v. VAL VERDE.**

No. 2492.

Court of Civil Appeals of Texas. El Paso.

Feb. 12, 1931.

Isaacks & Lattner, of El Paso, for appellant.

Fryer & Cunningham, of El Paso, for appellee.

HIGGINS, J.

Plaintiff in error issued a policy of insurance upon the life of Maria J. Val Verde, dated July 23, 1928. The assured died September 4, 1928. This is a suit by appellee, the beneficiary named in the policy. All issues submitted were found in favor of defendant in error, and judgment rendered for the amount of the policy, with penalty and attorney's fees.

This writ of error is presented upon two propositions as follows:

First. "Appellee could not recover in any event in view of the recitations in the contract—both in the application and in the policy—that the policy should not become effective unless insured was in sound health on the date of the policy (June 23rd), and in view of the fact that insured died of tuberculosis within 43 days (Sept. 4th) from the date of the policy, and in view of the fact that the proof of death furnished by appellee to appellant showed by the affidavit of

insured's attending physician that insured had been afflicted with tuberculosis over a period of 3 months and 2 days, or at least a period of approximately fifty (50) days before the date of the policy."

Second. "In no event could appellee recover statutory penalty and attorney's fees in view of the proof of death furnished appellant by appellee, which proof of death showed by the affidavit of insured's attending physician that insured had been afflicted with tuberculosis a long time prior to the date of the policy, and on said proof of death appellant was justified in refusing payment, and could not be penalized for such failure, even though it might afterwards have been shown that the statement of the attending physician was untrue."

█ The jury found that assured was in sound health on July 23, 1928, and the evidence supports the finding. It would serve no purpose to quote or discuss the same at length. The only evidence to show she died of tuberculosis is the doctor's certificate which accompanied the proof of death, and that, of course, is not conclusive. The doctor was present at the trial, but was not called to testify, and the testimony of various witnesses amply supports the view that assured was in good health until very shortly before her death, and died after an illness of just a few days.

█ Nor is there any merit in the second proposition. As stated, the physician's certificate as to death from tuberculosis and that assured had been afflicted with the disease for about fifty days was by no means conclusive

When demand was made for payment, plaintiff in error was put upon notice that the validity of the policy was asserted by defendant in error, and under the statute (article 4736, R. S.) plaintiff in error became liable for attorney's fees and penalty if it failed to pay within thirty days after such demand. To sustain the second proposition would be to ingraft upon the statute an exception which the Legislature did not see fit to make.

A case might arise where the beneficiary would be estopped to claim the penalty and attorney's fees, but such an estoppel does not arise simply because the certificate of a physician accompanying the proof of death is incorrect. Plaintiff in error had ample time to inquire and ascertain the true cause of death and that the certificate was erroneous. The demand for payment placed plaintiff in error upon such inquiry. It apparently made none.

██ In argument it is urged the pleadings of defendant in error are insufficient to support recovery of the penalty and attorney's

fees. This presents a question of fundamental error and entitled to consideration, though not assigned as error.

It was alleged: "On or about the 27th day of October, A. D. 1928, plaintiff gave to defendant due notice and proof of death of said Maria J. Val Verde, as aforesaid, and duly demanded from defendant payment of the said sum of Five Hundred Dollars, ($500.00) the amount of said policy; but defendant has failed and refused and still fails and refuses to pay the same or any part thereof." The petition was filed December 4, 1928. The file mark upon the petition speaks for itself. Liberty Life Ins. Co. v. Moore (Tex. Civ. App.) 10 S.W. (2d) 178; National, etc., v. Taree (Tex. Civ. App.) 8 S.W.(2d) 291.

The file mark and allegations quoted show failure to pay within thirty days after demand. The pleadings are sufficient to support recovery of the penalty and attorney's fees. First, etc., v. Long (Tex. Civ. App.) 28 S.W.(2d) 220. Great Southern, etc., v. Johnson (Tex. Civ. App.) 13 S.W.(2d) 424, and Id. (Tex. Com. App.) 25 S.W.(2d) 1093. Also see the Moore and Taree Cases cited above.

Affirmed.