

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Mortimer Brown,
Executive Secretary
Teacher Retirement System
Austin, Texas

Opinion No. O-2048
Re: Effect of a will which devises
all of deceased's property of
all kinds to a third party up-
on the payment of the accumu-
lated contributions under the
Teacher Retirement System to
the person named in the System
by the deceased to collect
such contributions.

Dear Sir:

We are in receipt of your letter of March 5, 1940, in which you request an opinion of this department as to the manner of payment of the accumulated contributions in the case presented in your letter as follows:

"On January 26, 1940, Mrs. Zylpha Kiolbasso Neale, a member of the Teacher Retirement System, died. On a form held in this office and dated April 19, 1938, she had designated her daughter, Virginia Maney Kiolbasso, a minor, to receive the return of her accumulated contributions in case of her death before retirement. Attached hereto you will find an exact copy of this designation of beneficiary form.

"We are also enclosing a copy of a certified copy of a will that was executed by Mrs. Zylpha Kiolbasso Neale in January of 1940. You will note in this will she states that 'all property of whatsoever kind, real, personal or mixed of which I may die possessed' is bequeathed to her father and mother, and her brother is appointed executor of the estate without bond. We have in this office letters testamentary of his appointment as executor.

"In view of the facts in this particular case, what steps should be taken by the Teacher Retirement System to settle this case?

"1. Should the money be paid to the executor for the mother and father?

"2. Should the money be paid to the executor for the minor daughter?

"3. Should the money be paid directly to the father and mother because of the fact that the accumulated contributions of a deceased member cannot be considered liable for the debts of the estate (if we interpret the law correctly)?

"4. Should the money be paid directly to the daughter if her disabilities have been removed or to the County Clerk if there is no legal guardian appointed and if her disabilities have not been removed? (The amount to be refunded is less than $250.00).

"5. Should the Teacher Retirement System pay the money to the executor and leave the matter entirely in his hands?"

The big question in the case which you present is whether or not, the will which devises "all property of whatsoever kind, real, personal or mixed of which I may die possessed" revokes the Teacher Retirement designation so that the accumulated contributions may not be paid to the beneficiary designated therein by the deceased, but must be paid to the estate. This question was considered in an opinion dated May 24, 1938, by Assistant Attorney General H. L. Williford and addressed to you. The pertinent portion of this opinion is as follows:

"You then ask if the deceased member left a will in which he makes provisions to leave all of his property to certain individuals other than the beneficiary in the Teacher Retirement System, but makes no specific mention in his will of his accumulated contributions in the Teacher Retirement System, would the Teacher Retirement System be acting within the law if it paid the accumulated contributions to the beneficiary named on the Teacher Retirement System's form for naming a beneficiary?

"In answer to this question, if the date of the will is subsequent to the date of the designation of the member's beneficiary, I think you should require an adjudication of the rights of the devisee in the will and the beneficiary named by the member before paying the accumulated contributions to any person."

This department does not agree with the conclusion reached by Mr. Williford in answer to this question, and to this extent his opinion is hereby expressly overruled.

Our opinion No. O-129 contained the following statement:

"As to such appointee the title to such residue
does not vest absolutely until the death of the mem-
ber. If such an appointment is made, however, and it
is not subsequently revoked by the member, it would
entitle the appointee to receive such residue of the
member's benefits for the reason that this Act specif-
ically so provides. In this respect the statute is
similar to the provisions usually contained in ordinary
life insurance policies, which authorize the insured to
appoint, in writing, a substitute beneficiary. Such an
appointment, as provided for in this Act, it is believed,
may be recalled or revoked by the member."

In line with the above quoted opinion we feel that the same
rule of law would apply here as would apply to an insurance policy which
named a third party as beneficiary thereunder, and in which case there
was a will containing the same provision as contained herein subsequently
executed.

It is a well established rule of law in this State that the
proceeds of an insurance policy which names a third party as beneficiary
is not a part of the estate of which a person dies possessed of. The
Court of Civil Appeals of Texas, in the case of White, et al. v. White,
32 S.W. 48, stated as follows:

"Aside from this, it is well settled that where an
insurance policy names a beneficiary, who survives the in-
sured, and who has an insurable interest, the proceeds of
the policy form no part of his estate, and neither his
executor nor his creditors have any claim upon such pro-
ceeds. 13 Am. & Eng. Enc. Law, p. 652; Mullins v. Thomp-
son, 51 Tex. 7. As the money collected by virtue of the
certificate constituted no part of the estate of S. J.
White, Sr., it was not subject to administration, and it
was improper for the probate court to order an additional
inventory to be made by Mrs. White, and require her to give
bond."

The same rule of law was recognized by the Supreme Court of Texas
in the case of International Travelers' Ass'n. v. Bettis, 35 S.W. (2d)
1040. The court stated as follows:

"In our opinion, there is a clear distinction in
the authorities between policies of insurance payable
to a designated beneficiary and those made payable to
the 'administrator or executor' of the insured as was

done in this instance. The proceeds of the policies of the latter class become part of the estate of the insured at his death. Fletcher v. Williams (Tex. Civ. App.) 66 S.W. 860 (writ refused); volume 4, Cooley's Briefs on the Law of Insurance, p. 3743."

In line with what has been previously stated, it is the opinion of this department that in the case where the accumulated contributions are designated in the Teacher Retirement System to be paid to a third party the same should be so paid regardless of the fact that in a subsequent will the deceased left all of her property, both real and personal, to someone else. The question here would be much more difficult if the will which had been executed subsequent to the original designation in the Teacher Retirement System had provided specifically that the accumulated contributions should be paid to someone other than the person designated in the form filed with the Teacher Retirement System. However, this is not the case. The devise here was only of all of the property belonging to the deceased. Therefore in this case we feel that the correct procedure is to pay the money to the person designated in the Teacher Retirement System and not to the devisee in the will.

In your letter you were also concerned with the method of payment of the accumulated contributions to the person to whom the same is entitled. In our Opinion No. 0-2009 we ruled that the accumulated contributions were not subject to administration. In Opinion No. 0-1439 this department considered the question of payment of money to a minor under the Teacher Retirement System and stated as follows:

"Since Art. 4112a provides specifically that any trustee, or person who holds any fund, which does not exceed $250.00, about which there is no controversy, that belongs to a minor, and since you state that the amount belonging to the minor in question is less than $250.00, you can, under the provisions of said statute, pay same to the County Clerk of the county where the minor lives, and take his, the County Clerk's receipt therefor, and you and the Teacher Retirement System will then be relieved from any and all further liability or responsibility in connection therewith.

"Before paying same you should obtain a statement from the County Clerk of the county of the minor's residence that no guardian has been appointed in said county for the minor. You should also obtain an affidavit from someone that no guardian has been appointed for the minor. If a guardian has been appointed, of course, the money should be paid to the guardian."

You are therefore advised that in this case the money should be paid to the daughter if her disabilities have been removed, or to the County Clerk if her disabilities have not been removed, and if there has been no legal guardian appointed for her.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By  /s/ Billy Goldberg
        Billy Goldberg
        Assistant

BG:jm:pc

APPROVED APR 1, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY  /s/ BWB
        CHAIRMAN