## GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS v. WATSON et al.

### No. 2258.

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1940.

Rehearing Denied Dec. 12, 1940.

Allen V. McDonnell, of Waco, Will G. Knox, of Dallas, and Tom M. Pogue, of Waco, for appellant.

Barney A. Garrett, of Waco, Horton B. Porter and Jerry E. Clarke, both of Hillsboro, and Witt, Terrell, Lincoln, Jones & Riley, of Waco, for appellees.

TIREY, Justice.

Plaintiff, Rufus Watson, brought this suit against the Grand Lodge Colored Knights of Pythias of Texas (a fraternal benefit society) to recover on a policy of insurance issued by said company on the life of William McDowell. The insurance company answered by bill of interpleader and admitted its liability on the policy and paid the face value of the policy into the registry of the court, and made B. B. McDowell, the Cooper Company, Inc., Charles H. McDowell and Lemuel McDowell parties to this suit and asked the court to determine the rights of the respective claimants to the fund and that the court award to it out of the fund tendered a reasonable attorney's fee of $100 and for costs. Plaintiff Rufus Watson, by an amended original petition, set up that he was entitled to the fund, penalty, interest and attorney's fee individually, or as community survivor of the estate of Susie McDowell Watson (beneficiary), or as administrator of the estate of William McDowell, deceased (insured). The case was tried by the court without a jury and the court awarded to Rufus Watson in his individual

capacity the sum of $500 principal on the policy, together with statutory penalty, interest, attorney's fees and costs, and awarded to the Cooper Company, Inc., out of said fund the sum of $165 on its assignment, and found that all other parties take nothing. The insurance company has appealed.

The judgment of the trial court is assailed mainly on two grounds: (1) The court erred in allowing Rufus Watson to recover penalties and attorney's fees against the appellant for the reason that appellant did not deny liability on the policy, but, being on notice of conflicting claims, filed bill of interpleader in good faith; (2) in denying appellant a recovery for attorney's fees for filing the bill of interpleader. Each of the foregoing assignments is sustained.

William McDowell, the insured, died December 16, 1938, while the policy of insurance on his life was still in force and effect. Susie McDowell was designated in the policy as a daughter and named the beneficiary. She made proof of death on December 21, 1938. Thereafter, said insurance company paid to Susie McDowell as beneficiary the sum of $75 burial funds due under the constitution and by-laws of the association and the policy of insurance. This sum was not included in the face of the policy. Thereafter on January 1, 1939, Susie McDowell intermarried with Rufus Watson, plaintiff. Susie McDowell Watson made demand for the payment of the face of the policy about February 1, 1939. On March 3, 1939, Charles H. McDowell wrote the company substantially to the effect that the insured was his brother and that Susie Watson had changed the policy in question so as to make it payable to her and that it had been done without the consent or knowledge of the insured; that the insured had several children, but all were born out of wedlock and that William McDowell died intestate and that he had no legal heirs save and except the writer and his brother Lemuel McDowell. Susie McDowell Watson (beneficiary) died intestate without issue on March 11, 1939. On March 13, 1939, Rufus Watson advised the company of the death of his wife and demanded that the proceeds of the policy be paid to him. On May 1, 1939, the Cooper Company, Inc., wrote the insurance company to the effect that Susie McDowell had given R. M. Watson a power of attorney to collect the policy in question and that Watson had turned the matter over to it and that Watson was indebted to it in a sum in the amount of $150. Thereafter on May 15, 1939, R. M. Watson executed a written assignment to the Cooper Company, Inc., whereby he set over to the company the sum of $165 of the proceeds of said policy. In May of 1939, Watson, with his attorney, interviewed an executive officer of the defendant company and demanded payment of the proceeds of the policy to said Watson. The company at all times admitted liability on the policy and advised them that it was ready, able and willing to pay the policy as soon as it was definitely settled between the claimants as to who was entitled to the proceeds thereof. The company advised Watson and his attorney of the other claimants. Thereafter in May, appellee Watson brought this suit for himself against the defendant company for the entire proceeds of the policy, and for penalty, interest and attorney's fees. Said company seasonably answered, filed its bill of interpleader and made claimants, B. B. McDowell, the Cooper Company, Inc., Charles H. McDowell and Lemuel McDowell parties defendant. It admitted its liability on the policy, tendered the sum of $500 into the registry of the court and asked the court to determine the rights of the various parties to the proceeds of the policy. It alleged that it in good faith filed the bill of interpleader and was in doubt as to who was entitled to the proceeds of the policy and that it was necessary for it to employ an attorney to file said bill of interpleader and that a reasonable fee for such service was $100, and that same be allowed to its attorney out of the proceeds of the policy tendered into the registry of the court, and asked that it recover its costs.

Each of the defendants impleaded answered and set up his respective claim to the proceeds of the policy. The plaintiff by amended original petition alleged that he was entitled to recovery of the fund in suit individually or as community survivor of the estate of Susie McDowell Watson or as administrator of the estate of William McDowell, deceased. The court fully heard the testimony of all parties in their efforts to establish their respective claims to the proceeds of the policy as shown by statement of facts containing 211 pages. The plaintiff, Rufus Watson, admitted on cross-examination that he knew Charles and Lemuel Mc-

Dowell were claiming the proceeds of the insurance policy. There is no evidence in the record that the insurance company denied liability on the policy, but, on the contrary, the evidence is uncontroverted that it at all times admitted its liability on the policy and seasonably made payment of the $75 burial expense after proof of death was made. The trial court seems to have awarded penalty and attorney's fees in favor of the plaintiff against the insurance company and denied the insurance company its right to attorney's fees and costs on the theory that said bill of interpleader was not filed until after one of the claimants filed suit. The insurance company was not liable for the payment of penalty and attorney's fees merely because it did not anticipate a lawsuit on the part of the rival claimants. The rule in Texas is "that the penalty and attorney's fees may be assessed when there is, after demand, a willful failure to pay the proceeds of a policy. There is no such failure when there are rival claimants." Southwestern Insurance Co. v. Woods National Bank, Tex.Civ.App., 107 S.W. 114, 119, writ refused. That there were rival claimants to the proceeds of the insurance policy is without dispute. We therefore hold that the failure to pay under the above circumstances is not the failure that is contemplated by the statute, Vernon's Ann.Civ.St. art. 4831a, and we think the facts of this case bring it clearly within the doctrine announced in the case of Southwestern Insurance Co. v. Woods National Bank, supra. "The remedy of interpleader is efficacious and wholesome, and is allowed as a substantial right to the complainant who, under proper circumstances, invokes the same." Great Southern Life Ins. Co. v. Kinney, Tex.Civ.App., 276 S.W. 741, 742. "Any reasonable doubt as to his right to an interpleader will be resolved in his favor." Nixon v. New York Life Ins. Co., 100 Tex. 250, 98 S.W. 380, 385, 99 S.W. 403.

■ The insurance company pleaded that it had incurred reasonable attorney's fees in the sum of $100, because it was forced to file bill of interpleader and introduced testimony thereon, but there was no adjudication of this fact issue by the trial court and this will require that this cause be reversed and remanded. Smith v. Texas Company, Tex.Com.App., 53 S.W.2d 774, point page 779. The judgment of the trial court should award to the company reasonable attorney's fees and provide that said fee and all costs be paid out of the money deposited by appellant in the registry of the court in this cause, and further that plaintiff and none of the other parties defendant take anything against appellant. No complaint is made of the right of the Cooper Company, Inc., to recover against Rufus Watson and after appellant's attorney's fees and costs are satisfied, it is entitled to have its judgment against Rufus Watson liquidated out of the balance of the money, if any, deposited by the insurance company into the registry of the court. Great Southern Life Ins. Co. v. Kinney, supra. The remainder of the funds deposited in the registry of the court, if any, should be awarded to the plaintiff Rufus Watson. The insured had the right to designate Susie McDowell as the beneficiary even though she may have been illegitimate. Maxey v. Franklin Life Ins. Co., Tex.Civ.App., 164 S.W. 438. All other parties defendant should take nothing.

The judgment of the trial court is reversed and the cause remanded.