## BOOMER v. MASSACHUSETTS BONDING & INS. CO.

### No. 4028.

Court of Civil Appeals of Texas. El Paso.
Jan. 30, 1941.

Rehearing Denied Feb. 27, 1941.

Second Rehearing Denied March 13, 1941.

Fred C. Knollenberg, of El Paso, for appellant.

Jones, Hardie, Grambling & Howell and Theodore Andress, all of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from the County Court at Law of El Paso County.

The parties will here be designated as in the trial court.

The plaintiff, Henrietta Boomer, administratrix of the Estate of Monte H. Boomer, deceased, sued the defendant, Massachusetts Bonding and Insurance Company, to recover the principal sum of $353.33, claimed to be due under a policy of accident and health insurance issued to her deceased husband during his lifetime. She further sought to recover twelve per cent penalty and reasonable attorney's fees under Article 4736, R.C.S.1925, Vernon's Ann.Civ. St. art. 4736, because of an alleged failure on the part of the defendant to pay the principal within thirty days after demand therefor. The trial was before a jury, but the court submitted only one issue on the amount of a reasonable attorney's fee. He disregarded the verdict and rendered judgment for the plaintiff for the principal sued for and costs up to and including the filing of defendant's original answer, and declined to permit a recovery of the penalty and attorney's fees. From this judgment the plaintiff has appealed.

The plaintiff makes a number of assignments of error and asserts a greater number of propositions thereunder. However, there is but one question presented for the determination of this court: Did the trial court commit error in refusing, under the record made, to permit the recovery of the penalty and attorney's fee?

As we understand defendant's brief, it admits the propositions made by the plaintiff, except that before the penalty and fee may be recovered, it must be alleged and proved that the same party who seeks the recovery is the same person who made the demand and in the same capacity. The suit was brought by Mrs. Boomer as the administratrix of the Estate of Monte H. Boomer,

deceased. The defendant asserts that she, in that capacity, never made a demand, and that by reason thereof she cannot recover the penalty and fee. The trial court so concluded. The plaintiff, therefore, must overcome that conclusion.

The material facts necessary to a disposition of this appeal and the issue presented are substantially as follows: Monte H. Boomer, on January 12, 1938, was struck by an automobile; the defendant paid the amount of indemnity provided for in the policy, one hundred dollars per month, to June 12, 1939, the last two payments after some controversy; Boomer died September 29, 1939.

October 7, 1939, Mr. R. G. Harris, an agent of the defendant, procured in person and sent in the death claim and proofs of death. October 19th or 20th, 1939, he was authorized to settle with Mrs. Boomer for $250, which sum he offered her, and sought an acceptance and receipt in full settlement of the claim. It was declined and the full claim pursued. On October 20, 1939, Mr. Fred C. Knollenberg, attorney for Mrs. Boomer, wrote the defendant, in part, as follows: "I now make demand upon you, on behalf of Mrs. Monte H. Boomer, for the monthly payments of $100.00 each, for the three months' and seventeen days, and if same is not paid within thirty days I will avail myself of the statutes in such cases made and provided."

October 24, 1939, the defendant replied, in part, as follows:

"According to the information which we have secured also, it appears that the claimant's disability, at least beginning on or about September 24th, 1939 was not the effect resulting directly and independently of all other causes through external violent and accidental means and the direct result of the claimant's accidental injury of January 12th, 1938. It appears from medical information in our possession that the insured at that time became disabled because of a serious illness condition which finally resulted in the insured's death on or about September 29th.

"The beneficiary designated in our contract is not entitled to any of the benefits payable under the policy except in connection with the principal sum which is payable in the event that the insured suffered accidental injuries which result in death within the period prescribed under the terms of the policy, and in which case, the principal sum payable is supplied to the designated beneficiary.

"All other indemnities, however, are paid to the insured during his lifetime and upon his death automatically become due and payable to his estate."

October 30, 1939, Mr. Knollenberg again wrote to the Company, in part, as follows:

"Now, so there is no question at all about it, we demand of you the payment of the money due the executrix of the estate of Monte H. Boomer, as was intended in my letter of October 20th, since you are going to raise technicalities upon the payment of the indemnity due under your policy; * * *. When the thirty days are up I expect to bring suit against you for Mrs. Boomer as executrix of the estate, and I have so made demand upon you for the payment of the amount due as indemnity under the policy.

"I want to ask you if there is any question at all raised about my demand for either Mrs. Boomer or the Estate of Monte H. Boomer, deceased. Would appreciate hearing from you with regard to that question alone."

November 7, 1939, the defendant replied, in part, as follows:

"We believe also that there is no question that the insured suffered a fatal illness, which at least had its beginning on or about September 24th, 1939, and from which he succumbed on September 28th and his disability, at least beginning on September 24th, 1939, could not be considered as an effect resulting directly and independently of all other causes through external, violent and accidental means.

"It is not entirely clear from your recent letters whether or not you are making your demand upon the Company in behalf of Mrs. Boomer as beneficiary under the above numbered policy, or as executrix of the estate of the late Monte H. Boomer.

"If she has been appointed as executrix of the estate, then surely the Company should be supplied with a duplicate copy of the letter of appointment * * * and to supply us with the correct name and address of the person who is equitably entitled to the proceeds of our policy and for the disability suffered by the late insured for which indemnity is payable under the terms of our contract.

"May we suggest, therefore, that you kindly comply with the reasonable request

of the Company \* \* \* and supply to us a duplicate copy of the letter of appointment of Mrs. Boomer as executrix of the estate and also any explanation which the attending physician may care to supply to the Company covering the lack of medical treatment above referred to or of any additional dates of medical attention which have not been previously reported."

November 16, 1939, Mrs. Boomer qualified as administratrix of the Estate of Monte H. Boomer, and as such, on November 25, 1939, filed her suit, alleging the demands set forth above but alleging none subsequent to November 16, 1939, the date she qualified.

On January 2, 1940, the defendant filed its original answer, and for the first time admitted liability for the full amount of the principal sued for and claimed. It used this language: "Defendant has made its own investigation of the facts and circumstances, and here and now tenders · the amount due under the policy of $353.33."

Defendant admits the sufficiency of the demands as to form and time of making, but undertakes to avoid them because not made by the same party in the same capacity who sues, Mrs. Boomer, Administratrix.

■ The contention of the defendant may be briefly and shortly disposed of. The proceeds of this claim are community property. Art. 4619, R.C.S.1925, Vernon's Ann.Civ.St. art. 4619; Brand v. Brand, Tex. Civ.App., 102 S.W.2d 310. The plaintiff, therefore, had the right to make the demand, as made, and to receive the money due as community survivor, and failing in that to bring the necessary suit to recover. Speer, Law of Marital Rights in Texas, 3rd Ed., page 852, and the many cases there cited. We will, nevertheless, consider the propositions raised by plaintiff in her brief.

■ The manifest purpose of the statute is to effect a speedy collection of just claims without diminution; without unnecessary delay and expense.

The defendant admits the justness of the claim and that it was due by the tender made in its answer. It seeks only to avoid the penalty and fee, because no demand was ever made by Mrs. Boomer in the capacity of administratrix. Its position is a little inconsistent in that particular. It authorized its agent, Mr. R. G. Harris, rather promptly after the death of Boomer, to settle with Mrs. Boomer for $250, and he presented

and suggested and advised the acceptance of the compromise and execution of the receipt. It is nowhere shown in the record in this case that the defendant or its agent ever raised any question whatsoever with respect to the right of Mrs. Boomer to receive the proceeds of the claim. It made no indication that it would pay to the estate. Mr. Knollenberg put that question squarely up to the Company. Mr. Knollenberg's question is not answered. The Company refers to the matter of the appointment of Mrs. Boomer as the representative of the estate and suggests that it should be supplied with copies of the letters, but no indication is made it would pay the claim if it were so supplied. On the contrary, many other reasons are suggested why it had declined. The conclusion cannot be easily escaped that the appointment and demand in that capacity would have made any difference or · availed anything. The Company did not make the tender until it was forced to file its answer to avoid a default judgment. Had the matter of appointment been the reason for delay, it could have easily said so and made the tender at any time after November 16, 1939, and there was no occasion to wait until January 2, 1940, the time to file an answer. We think the language of its answer and tender discloses the reasons why it had not sooner paid: "Defendant has made its own investigation of the facts and circumstances, and here and now tenders the amount due under the policy of $353.33."

We have undertaken to refer to and copy all the testimony relating to the issue here to be decided, and have gone to much greater length in doing so than we desired.

In the case of American National Ins. Co. v. Val Verde, Tex.Civ.App., 35 S.W.2d 1060, 1061, the Company denied liability and sought to avoid the payment of the penalty and attorney's fee because the certificate of the attending physician showed the deceased had tuberculosis long before the policy was issued, and that death resulted therefrom. Judge Higgins in that opinion said: "When demand was made for payment, plaintiff in error was put upon notice that the validity of the policy was asserted by defendant in error, and under the statute (article 4736, R.S.) plaintiff in error became liable for attorney's fees and penalty if it failed to pay within thirty days after such demand. To sustain the second proposition would be to ingraft upon the statute an exception which the Legislature did

not see fit to make." Again he says: "Plaintiff in error had ample time to inquire and ascertain the true cause of death and that the certificate was erroneous. The demand for payment placed plaintiff in error upon such inquiry. It apparently made none."

In this case the Company had paid Boomer full benefits for some seventeen months.

■ We think the reason and rule laid down by Judge Higgins are applicable here. If the Company were not satisfied with the information it had obtained in the months gone by, it had ample time to secure additional information, as its answer and tender indicate it did procure.

After Boomer's death and the proofs were made the statute made it the duty of the Company to pay the claim promptly after the demand, or make its position clear and plain for refusing, and if mistaken and it ultimately failed to sustain its reasons in law, then suffer the penalties of the statute.

■■ The law will not require a claimant to qualify as the legal representative of an estate to receive the benefits under a policy of insurance. To do so would require such claimants to spend a good part of many small claims on court costs and attorney's fees; whereas the purpose of the statute is to protect the claim. If this procedure were required, it would open the gate always for compromises on the basis of reductions equal to such expenses and result in hardships and injustices. In many instances the claimant is the sole heir at law of the deceased and no necessity exists for an administration. The defendant was put on notice of the assertion of the right to the proceeds of the policy by Mrs. Boomer. The law will presume one in possession of a policy is entitled to the proceeds due under it. If the Company had any doubts about its liability, or Mrs. Boomer's right to the proceeds, it should have made the investigation it did make and have taken the legal steps open to it under the law and tendered the proceeds in due time, if it desired to avoid the penalty and fee. The defendant had a choice between two courses: It could, as it did, decline to pay and take the chance of being wrong and incurring the penalty and fee; or, if it had any doubt as to the right of Mrs. Boomer to receive the proceeds, file an interpleader, or tender the amount into court promptly, and let her incur the expense incident thereto; or, if

wrong, take the consequences. There was no more obligation, certainly, resting upon her to incur the expense to establish the correctness of her position than upon the defendant to establish its.

■ The effect of the position of the defendant is that it was doubtful as to the right of Mrs. Boomer to receive the proceeds of the policy in the capacity demanded, and that it, therefore, acted in good faith in withholding payment until she had qualified as the representative of the estate. Had that been the only position taken by it, and had it promptly made the tender after her qualification, there might be more force to the argument. But, as has been said, no exception to the statute has been ingrafted upon it, except where the insurance company is in doubt as to whom the money should be paid on account of conflicting claims; and then only when it acts in good faith and makes known its position promptly and clearly, and promptly admits its liability and makes a bona fide tender of the full amount due. New York Life Ins. Co. v. Veith, Tex.Civ.App., 192 S.W. 605; Southwestern Ins. Co. v. Woods Natl. Bank, Tex.Civ.App., 107 S.W. 114; Grand Lodge Knights of Pythias of Texas v. Watson, Tex.Civ.App., 145 S.W.2d 601.

In the case of New York Life Ins. Co. v. Veith, supra [192 S.W. 606], it is said: "No question as to the good faith of a defense to the policy can be interposed to prevent collection of the penalties; but the only exception to the statute is when an interpleader is sought in good faith and promptly. If the question of good faith as to a defense was allowed to intrude itself into the trial of cases against insurance companies, it would be a difficult matter to ever obtain a judgment for penalties."

Our views, as expressed on this controlling issue in the case, make it unnecessary to pass on the assignments challenging the action of the court in excluding certain testimony.

■ The trial court found that a reasonable attorney's fee for the prosecution of this suit in the trial court and on appeal was $225. No question about the amount and reasonableness of the fee has been raised. It is within the province of the court to fix a reasonable fee. American Nat. Ins. Co. v. Points, Tex.Civ.App., 131 S.W.2d 983; Pacific Mutual Life Ins. Co. of California v. Berryhill, Tex.Civ.App., 69 S.W.2d 784.

The judgment of the trial court is reversed and judgment here rendered in favor of plaintiff for the principal sum of $353.33, together with twelve per cent penalty thereon, $42.40, and attorney's fees in the sum of $225, a total sum of $620.73, together with interest thereon from March 21, 1940, and all costs.

Reversed and rendered.

### On Rehearing.

We gladly eliminate the reference made to the letter of the defendant dated June 2, 1939, found in our original opinion. This is done without passing on its admissibility. We think the reference must have occurred by reason of its admission and reading to the jury without objection, but later stricken.

 We have concluded the fee allowed should be reduced from $225 to $150, and our former judgment reformed to that extent. The defendant for the first time in its motion for rehearing raised any question about the trial court's finding that a reasonable fee is $225. We thought we made clear in our original opinion that amount had been adopted because no question had been raised as to the amount and reasonableness of the fee. The defendant knew the plaintiff had caused the trial court to find on the amount and reasonableness of the fee for the purpose of this appeal; that that was the principal issue briefed, or rather presented for determination, on appeal. No exception or objection was urged there. The defendant prepared and filed its brief in response to that filed previously by the plaintiff, and neglected to make any reference to the amount and reasonableness of the fee. That question we think could have been more appropriately raised in the trial court, or in the brief, rather than here in this motion for rehearing. Had it been done we would not have been led to believe the amount and reasonableness of it was acquiesced in by the defendant, nor would we have been made the victim of counsel's intemperate language. We do not want counsel to gain the erroneous impression that his intemperate language has influenced us to alter the amount of the fee. We have done that on our own considerations of what we think a reasonable fee ought to be under the circumstances in this case, and one we would have originally fixed but for the silence of the defendant which caused us to believe it had consented to the amount and reasonableness of it as found by the trial court.

The defendant, we think, misconstrues what we said about the plaintiff's right to make the demand and receive the proceeds of the policy as community survivor. We could not and did not undertake to constitute her the community survivor by our opinion—the law makes her that. We were passing upon the sufficiency of the demand. The fact that she brought the suit as administratrix has nothing to do with the sufficiency of the demand, nor does it constitute her some other person or individual, any more than had she made the demand as Mrs. Monte H. Boomer, and filed the suit in the name of Henrietta Boomer.

The judgment will bear interest at six per cent from April 1, 1940.

We find no merit in the motion, and it is overruled.

Our original opinion and judgment will be reformed in accordance with the views herein expressed.