## WHITTET et al. v. RELIANCE LIFE INS. CO. OF PITTSBURGH.

### No. 11844.

Court of Civil Appeals of Texas.
San Antonio.
July 14, 1948.

W. J. Bowen and Frank W. Steinle, both of Jourdanton, for appellants.

Boyle, Wheeler, Gresham & Davis, and William N. Dillin, all of San Antonio, for appellee.

NORVELL, Justice.

Article 4736, Vernon's Ann.Civ.Stats., provides that:

"In all cases where a loss occurs and the life insurance company * * * liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. * * *"

The heirs of Harold E. Whittet, deceased, as plaintiffs recovered judgment against defendant, Reliance Life Insurance Company of Pittsburgh, upon two life insurance policies. Costs were adjudged against the defendant but the plaintiffs were denied a recovery of a penalty and attorney's fees under the provisions of Article 4736, above quoted. Because of this denial, the plaintiffs have appealed. The transcript contains full and complete findings of fact, which are supported by the evidence and adopted as the fact findings of this Court. From these findings we make the following brief statement of essential and uncontradicted facts.

After the death of Harold E. Whittet in 1946, a search for a will was made among his effects but none was found. The heirs at law then executed a power of attorney to Chester S. Whittet, a brother of deceased, authorizing him to handle and settle the affairs of the estate. Out of funds belonging to the estate, Chester Whittet paid state and federal inheritance taxes levied against the estate as well as certain debts. The estate was solvent and no application for administration was filed in the probate court.

When demand was made upon the appellee insurance company for payment of the insurance policies sued upon, the company admitted liability but called attention to the fact that the policies were payable to the executors, administrators or assigns of the insured, and stated that payment would be made as soon as an executor or administrator was appointed or

when an appropriate court order was furnished ordering payment to a person other than an executor or administrator.

After some correspondence between the parties, Chester S. Whittet, Louise Whittet, Marjorie Hogan, George A. Whittet and David S. Whittet (a minor, suing by next friend), constituting all the heirs at law of Harold E. Whittet, deceased, brought this suit.

The trial judge concluded as a matter of law:

"1. That the heirs at law of Harold E. Whittet, deceased, are entitled to bring this action, not as a matter of right, but only on due allegation and proof that the parties bringing the action are the sole heirs at law of the deceased. That the deceased left no will and that no necessity for administration upon his estate in fact existed.

"2. That the District Court has jurisdiction to determine whether or not a necessity for administration exists upon decedent's estate and to determine the rightful heirs at law of the deceased, and that such a finding by the Court would protect defendant Company in making payment of the proceeds to the heirs at law after such finding had been made.

"3. Since the policies of insurance herein sued upon were by express contract between the defendant Company and the deceased insured made payable to the executors, administrators or assigns of the insured, that the defendant company was justified in withholding payment of said policies until an executor or administrator had been duly appointed and qualified, or until this action had been brought and judgment of the court rendered that no necessity for administration on the estate of Harold E. Whittet, deceased, existed, that decedent left no will and that the parties bringing the action are the sole heirs at law of the deceased; otherwise, the defendant might be forced to pay twice in the event creditors existed who might subsequently force an administration or if the persons bringing the action were not in fact the sole heirs at law.

"4. That since one of the heirs at law herein, Davis D. Whittet, is and was a minor at all times pertinent to this case with no guardian of his person or estate, the defendant insurance company would be protected in making payment to said minor only through the registry of the court and then only after action had been brought in his name by some person as next friend as provided by statute.

"5. The defendant insurance company could not have filed a bill of interpleader and thus protect itself because there were no rival claimants to the fund.

"6. That plaintiffs are not entitled to the statutory penalty and attorneys' fees since defendant company did not at any time refuse to pay the proceeds of these policies or deny liability thereon, but only insisted that payment be made to the named beneficiary or that proper order of the court be obtained directing payment to a person or persons other than the named beneficiary, and in lieu of plaintiffs' failure to take out administration upon the estate or secure an order of the Probate Court refusing administration because of lack of necessity therefor the only method by which defendant company would be protected in the payment of the proceeds of said policies to the heirs at law was through the institution of this suit and rendition of judgment by this court after making the findings of fact above set forth; after which the defendant, promptly on entry of the judgment, tendered the full amount due under the policies to the persons found to be entitled thereto."

We agree with the conclusions of law expressed by the trial court. The correctness of many of these conclusions is readily self-evident and need not be further noticed.

The insurance company did not deny liability but, on the contrary, offered to pay over the proceeds of the policy to the person designated as payee therein, that is, to an executor or administrator. The company further offered to pay the proceeds over to some person other than an executor or administrator upon a proper court order.

This offer appeals to us as being entirely reasonable. Generally, when an insured

makes a contract for the payment of the proceeds of a life insurance policy to his executor or administrator, he does so in order to provide ready funds for the payment of his debts and effect a speedy settlement of his estate. Or a policy may be made payable to an executor so that money will be available to pay a bequest to one having no insurable interest upon the life of the insured. Fletcher v. Williams, Tex.Civ.App., 66 S.W. 860, wr. ref. The fact that the insured procured a policy payable to an executor or administrator upon his death is some indication that the insured contemplated that an executor or an administrator would be appointed. It would therefore seem that the heirs should demonstrate their right to collect the proceeds of the policy by showing why an executor or administrator was not appointed, and that an insurance company should not be penalized for insisting that such showing be made. Clearly the heirs could not maintain this action without showing that the insured died intestate and that there was no necessity for an administration of the estate. This is the general rule in Texas. Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640; Sun Life Ins. Co. v. Phillips, Tex.Civ.App., 71 S.W. 603.

■ We hold that, in the absence of a general denial of liability, an insurance company is not liable for the payment of the penalties and attorney's fees provided for by Article 4736, because of its insistence that a proper court order be secured before payment of the proceeds of an insurance policy is made to the heirs of the insured, when the policy expressly provides for payment to the executor, administrator or assigns of the insured.

As pointed out by the trial judge, this is not a proper case for an interpleader, but some of the principles governing interpleader cases are applicable here. In certain respects the case of Texas Life Ins. Co. v. Valley View National Bank, Tex.Civ.App., 44 S.W.2d 1045, supports our holding.

■ The case of Boomer v. Massachusetts Bonding and Insurance Company, Tex.Civ.App., 148 S.W.2d 945, is readily distinguishable from the case at bar upon several grounds. To mention one, it appears that in the Boomer case the insurance company made what amounted to a general denial of liability. We mean by a general denial of liability, a statement on behalf of the insurance company that it is not liable to *anyone* upon a claim or a certain portion of a claim. When such a denial is made a suit to affix liability is of course necessary, and the statutory penalty and attorney's fees are awarded in accordance with the determination of liability. Among other things, the court in the Boomer case simply held that the company by denying liability generally and making it necessary for a suit to be filed *to determine liability* could not be heard to say that the claimant had made demand for payment in an improper capacity.

In the case before us the insurance company, in order to protect itself, simply demanded a court order determining that the claimant heirs were the "holders" of the policies and entitled to receive the proceeds thereof.

Appellants complain of the action of the trial judge in failing to make further and additional findings of fact. In our opinion the original findings fully cover the case. The determination of the appeal is largely controlled by the undisputed evidence.

We have examined all of appellants' points. None of them discloses a reversible error. The judgment appealed from is affirmed.