### DEMMER

v.

### AMERICAN NAT. INS. CO. et al.

### No. 12611.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 9, 1953.

Rehearing Denied Jan. 6, 1954.

G. Woodson Morris, Charles R. Hancock, San Antonio, for appellant.

Maxwell Burket, San Antonio, for appellees.

POPE, Justice.

Appellant instituted this suit for recovery of all the proceeds under a life insurance policy. The appellee American National Insurance Company has never denied owing the amount of the policy, tendered the funds into court, and interpleaded certain claimants and heirs of the insured, to determine to whom the money should be paid. The trial court awarded the proceeds of the policy to appellant, who has appealed from that part of the trial court's judgment which denied appellant's claim for attorney's fees and twelve per cent penalty under Article 3.62 Insurance Code, Vernon's Ann.Civ.Stats. and also that part of the judgment which granted appellee's claim for an attorney's fee in its interpleader suit.

Minnie Barth, the insured, died on July 12, 1952. The policy named Fannie Barth as the beneficiary, but she predeceased the insured, having died on November 22, 1951. No other beneficiary was ever named. The record discloses several facts which justify the insurer's delay in paying the policy. Appellant, by affidavit, asserted that she was entitled to the proceeds as a creditor, since she had paid the premiums for eight years. Since the policy was in force for about twenty-one years, appellant's demand on its face disclosed that she was not entitled to all the proceeds. The insurer also received a claim to the policy proceeds from Theodore Barth, who was represented by counsel. Moreover, appellant asserted in her affidavit and demand, that there were only two heirs, herself and Theodore Barth, but investigation by the insurance company showed that there were six heirs, one of whom was a minor.

Faced with competing claimants, the insurer acknowledged owing the policy proceeds, and expressed a willingness to make payment by a check payable jointly to the heirs. The insurer later stated that it would make payment upon being furnished with a release. Appellant refused payment on such terms and submitted a second affidavit, which stated that she had paid the premiums for twenty-one years, rather than eight years as stated in her former affidavit. Appellant then filed suit and named Theodore Barth as one of the defendants, apparently because she acknowledged that he, like herself, claimed the funds. Theodore Barth filed a disclaimer, but he did so by assigning any interest in the policy he might have, "to the other interested parties, the heirs of said Fannie Barth, deceased." After Theodore

Barth had scattered his claim, whatever it was, among those other heirs, appellant sued all of them. The insurer answered and impleaded all the heirs, all of whom made default except appellant.

■ Appellee has never refused to pay its policy, but was entitled to determine the true and lawful claimants before payment. When it was faced with claimants, disputing and in conflict with each other, there was no duty on the part of the insurer to act as judge and jury. It tendered the money into court and left for the court the matter of determining who, among the claimants, should receive it. The court correctly denied appellant a judgment for penalty and attorney's fees, and correctly allowed appellee its attorney's fee as interpleader. Franklin Life Ins. Co. v. Greer, Tex.Civ.App., 219 S.W. 2d 137; Whittet v. Reliance Life Insurance Co. of Pittsburgh, Tex.Civ.App., 213 S.W.2d 164.

The judgment is affirmed.