Sarah Lou MURRAY, Appellant,

v.

AMERICAN NATIONAL INSURANCE COMPANY, Appellee.

No. 15792.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1957.

Rehearing Denied March 29, 1957.

O'Neal Dendy, San Angelo, for appellant.

Crowley, Wright, Miller & Garrett, and Kleber Miller, Fort Worth, for appellee.

RENFRO, Justice.

Appellee American National Insurance Company issued a policy on the life of Otis Carl Murray in which his wife, appellant Sarah Lou Murray, was named beneficiary. The insured died on July 24, 1955. Appellant was indicted by the grand jury of Runnels County on August 24, 1955, for the death of her husband.

Appellant, on September 1, 1955, made demand on appellee for payment of the proceeds of the policy. Proof of death submitted did not reveal the cause of death of the insured. Less than thirty days after demand for payment, appellee advised appellant's attorney it was prepared to pay the amount due under the policy, subject to a valid and satisfactory release of liability, but called attention to the fact it had been put on notice that appellant was under indictment for the death of her husband, and that if suit were filed appellee would pay the money into court and resist payment of costs, penalties and attorney's fees on the ground it had not denied liability. Through the month of September the appellee corresponded with appellant's attorney requesting completion of proofs of death.

On October 6, 1955, appellee wrote appellant's attorney, calling attention to Article 21.23 of the Insurance Code, V.A.T.S., providing for forfeiture of beneficiary's interest when the beneficiary is the principal

or accomplice in wilfully bringing about the death of the insured. In the same letter, appellee offered to pay the proceeds jointly to appellant and the deceased's nearest relatives.

Appellant's attorney wrote appellee on October 10, "Without committing myself or my client, * * * I wish to take the liberty of stating that the pending indictment and Article 21.23 of the insurance code, fairly well justifies your position concerning the matter of ultimate tendering of money in Court."

Appellant filed suit on October 11, 1955, and appellee, without service, on November 14, filed its answer with a tender of the proceeds due under the policy, and interpleaded the next of kin of the insured. The interpleaded parties were served with process but did not answer.

Appellee's pleadings did not allege that appellant wilfully or otherwise had any connection with the death of the insured, and on trial of the case no proof was offered that she brought about his death.

After making the above findings, and others not necessary to mention, the court concluded that in view of the indictment against appellant, appellee could not, in view of Article 21.23 of the Insurance Code, pay the proceeds of the policy to appellant without risk of double payment; that appellee made known its position to appellant promptly and within thirty days from the date of demand, and appellant's attorney acquiesced therein; appellee never denied liability under its policy but was ready, able and willing at all times to pay the proceeds thereof when it should be determined to whom they should be paid; withholding payment under the circumstances was in good faith, and therefore appellant was not entitled to recover statutory penalties, interest or attorney's fees.

Appellant, on six points of error, appealed from that portion of the judgment which denied her statutory penalties and attorney's fees, taxed her with costs, and allowed attorney's fees for the interpleader.

The same contentions were made by this same appellant in Murray v. Bankers Life Company, Tex.Civ.App., 299 S.W.2d 730, 733, and were by this Court overruled in its opinion of February 15, 1957. In that case we held, " * * * where the insurer admits liability, but has reasonable grounds for anticipating rival claims, and in good faith declines to pay the named beneficiary, and deposits the money in court to be paid to the rightful person as determined by the court, it is not liable for more than the face amount of the policy. Southwestern Ins. Co. v. Woods Nat. Bank, Tex.Civ.App., 107 S.W. 114; New York Life Ins. Co. v. Veith, Tex.Civ.App., 192 S.W. 605; Washington Fidelity Nat. Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093; Preferred Life Ins. Co. v. Stephenville Hospital, Tex. Civ.App., 256 S.W.2d 1006; Security State Bank of Pharr v. Shanley, Tex.Civ.App., 182 S.W.2d 136; Wilke v. Finn, Tex.Com. App., 39 S.W.2d 836; Drane v. Jefferson Standard Life Ins. Co., Tex.Civ.App., 146 S.W.2d 526; Grand Lodge Colored Knights of Pythias of Texas v. Watson, Tex.Civ. App., 145 S.W.2d 601; Whittet v. Reliance Life Ins. Co., Tex.Civ.App., 213 S.W.2d 164; Demmer v. American Nat. Ins. Co., Tex.Civ.App., 263 S.W.2d 795; Texas Life Ins. Co. v. Valley View Nat. Bank, Tex. Civ.App., 44 S.W.2d 1045."

In our opinion the evidence supports the court's findings and conclusions.

Since appellee was in doubt as to whom the proceeds should be paid, in view of the indictment and the provisions of Article 21.23 of the Insurance Code, and promptly made known its position to appellant, and in good faith interpleaded the next of kin of the insured, it was not liable for statutory penalties and attorney's fees.

Judgment of the trial court is affirmed.