The LIFE INSURANCE COMPANY OF
VIRGINIA, Appellant,

v.

H. H. OLDHAM et al., Appellees.

No. 7416.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1964.

Rehearing Denied Jan. 4, 1965.

Key, Carr & Clark, Lubbock, for appellant.

Brock, Wright, Waters & Galey, Lubbock, for appellees.

DENTON, Chief Justice.

This is a suit to recover upon two life insurance policies; twelve per cent (12%) penalty, and reasonable attorneys' fees under Insurance Code, Article 3.62, V.A.C.S. Suit was instituted by Halcyon Hildreth Oldham, Rachel Ferrell, each joined by their respective husbands, and William F. Campbell, all heirs at law of William Washington Campbell. After a trial before the court without a jury, judgment was rendered against the appellant insurance company for $10,000.00, the face amount of the two policies; $1,200.00 statutory penalty; and $1,500.00 attorneys' fees. After the hearing and before the entry of the judgment, the insurance company paid into the registry of the court the sum of $10,000.00 for disposition by the court. The trial court then entered judgment ordering the $10,-000.00 paid to appellees and rendered judgment against appellant for the penalty and attorneys' fees. The insurance company has appealed from that portion of the judgment awarding appellees the statutory penalty and attorneys' fees.

Material facts are essentially uncontradicted. The two $5,000.00 policies were fully paid up and in force at the death of Campbell on February 9, 1962. Francis Estel Campbell, wife of the deceased, was the primary beneficiary, but she predeceased the insured on February 3, 1947. The contingent beneficiary in one policy was the insured's executors, administrators, or assigns, and in the other policy it was the estate of the insured. The proof of loss and the proof of heirship are also unquestioned.

The three children of the Campbell marriage, plaintiffs below, constitute all the heirs at law of W. W. Campbell. Neither Campbell nor his wife left a will; no debts were owed by either estate; and no administration was taken out by either estate. It is further undisputed that no other claim on the policies was made upon the insurance company, and the company had no knowledge or information of any other heirs of Campbell other than plaintiffs herein.

■ By counterpoints appellees challenge appellant's first two points of error on the grounds that they are multifarious and too general to be considered by this Court. Although the points of error complained of may be subject to criticism, we overrule appellees' counterpoints and will consider the points of error. A review of the statements and arguments under the points sufficiently disclose the alleged errors of the trial court complained of. This construction was established by the Supreme Court in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

■ The basic issue to be resolved is whether or not the failure of the insurance company to pay over to the appellees the face amount of the two insurance policies constitutes a denial of liability under Insurance Code, Article 3.62. To determine this question we must examine the position taken by the insurance company after demand for payment had been made. Evidence of this position can be determined from certain letters of the company and its pleadings filed in the case

Following the demand of payment by appellees' attorney in his letter of June 4, 1962, the insurance company replied to this demand in four letters addressed to appellees' attorney beginning with the letter of June 7, 1962. This letter written by an attorney of the insurance company read as follows:

"Your letter of June 4, 1962 addressed to Mr. Ralph P. Banks has been forwarded to our Department.

"I am sorry for the apparent reluctance on our part in connection with the payment of the proceeds of the above two policies, however, there is some doubt in our mind as to our authority to pay these proceeds to the three children of Mr. Campbell who are set forth as his sole heirs-at-law in the recorded Proof of Heirship. I am sure that you understand that these policies state that should the beneficiary predecease the insured the proceeds are then to be paid to the insured's executors, administrators, or assigns. Unless we have authority to do otherwise payment in cases of this sort is made pursuant to this language.

"Our primary concern in the instant situation is not over who are the proper distributees of the estate of Mr. Campbell, but over the rights of any creditors of the estate. In the usual situation these funds would normally be subject to any debts and demands of creditors. For this reason, I do not feel that it would be proper for us to make payment directly to the children.

"However, if you would be kind enough to provide me with some judicial or legislative authority allowing our Company to pay these proceeds directly to the heirs without incurring possible liability to any creditors of the estate of the insured we will be more than happy to consider such authority.

"Thanking you in advance for your help in this matter, I am * * *."

This letter was unanswered and it was followed by letters of August 3, September 24, and November 14, 1962. The letters of August 3 and September 24 simply reiterate the request for the information sought in the June 7 letter. The November 14 letter

noted the requested information had not been received and reiterated the company's concern over the rights of possible creditors of the estate. This letter went on to suggest that a possible remedy to the problem would be for the appellees to file application for administration pursuant to Section 180 of the Texas Probate Code, V.A.T.S., and made reference to other sections of that code. None of the letters was answered and suit was filed April 19, 1963. The insurance company timely filed its answer in which it admitted the policies had been issued; that they were fully paid up and in full force and effect upon the death of Campbell; admitted timely proof of loss and that proper demand had been made; and further pleaded "defendant further admits they owe the amounts due under said policies in question but it does not know to whom such amounts are due and payable." We think a fair and reasonable interpretation of the insurance company's position as evidenced by these letters and its pleadings is that the insurance company did not deny liability. From the beginning the company called attention to the fact that the policies were payable to the executors, administrators, or assigns, or the estate of the insured in view of the primary beneficiary's death prior to the insured. The appellees, heirs at law of the insured, were not named the beneficiaries. The whole tenure of the company's attitude shows its hesitancy to pay the heirs at law directly in the absence of a court order or legislative authority. The letters expressed desire for authority to pay the heirs directly without the hazard of facing possible creditors' claims. Under the facts and circumstances of this case, this seems to us to have been a reasonable attitude. It is not to be understood we are holding it was incumbent upon appellees' attorney to comply with the insurance company's request and furnish it with legal authority to make the payments directly to appellees. The law does not place such a burden upon claimants of insurance proceeds.

Appellees contend appellant's admitted failure to pay within the time required by Article 3.62 of the Insurance Code constitutes a failure to pay under that statute and forms the basis for the prescribed penalty and attorneys' fees. In the alternative appellees urge that appellant could have exonerated itself from liability for penalty and attorneys' fees by filing an interpleader, and by depositing the face value of the two insurance policies into court. They rely on Boomer v. Massachusetts Bonding & Ins. Co. (Tex.Civ.App.), 148 S.W.2d 945, (Error Dismissed), among others, to support their position. We think that case is distinguishable from the case at bar on several grounds. In the Boomer case the insurance company initially took the position of generally denying liability; and later questioned the claimant's demand on the ground the claim was not made in the capacity of administratrix; and after the claimant had qualified as administratrix, the insurance company made no tender until claimant subsequently filed suit as administratrix. We conclude the Boomer decision is not applicable and will not support appellees' position.

We have concluded the decision in the case at bar is controlled by Whittet v. Reliance Life Ins. Co. (Tex.Civ.App.), 213 S.W.2d 164. The facts of that case are uniquely similar to those of this case. The only differences of any significance are that in the Whittet case one of the heirs at law was a minor, and it appears from the trial court's findings that the policy was made payable to the insured's executors, administrators, or assigns. In the instant case no minors were involved, and the policies named the insured's wife as primary beneficiary. However, she predeceased insured, and in such event one policy provided for the proceeds to be payable to the executors, administrators, or assigns, and the other

policy was made payable to his estate. These are not material distinctions. The court in the Whittet case held:

> "We hold that, in the absence of a general denial of liability, an insurance company is not liable for the payment of the penalties and attorney's fees provided for by Article 4736, because of its insistence that a proper court order be secured before payment of the proceeds of an insurance policy is made to the heirs of the insured, when the policy expressly provides for payment to the executor, administrator or assigns of the insured."

The court approved a finding by the trial court that the insurance company could not have filed a bill of interpleader and thus protect itself because there were no rival claimants to the funds. We think such finding and reasoning is applicable to the facts of this case. We therefore are of the opinion and so hold the trial court erred in finding the insurance company denied liability to the appellees under the policies issued, and in awarding appellees the recovery of a penalty and attorneys' fees under the provisions of Article 3.62 of the Insurance Code. In view of this holding there is no necessity to pass upon appellant's remaining points of error.

The trial court's judgment awarding appellees statutory penalty, attorneys' fees and interest is reversed and rendered. The judgment is modified so as to hold that the appellant insurance company is not liable for the statutory penalty, attorneys' fees and interest thereon. The judgment of the trial court is otherwise affirmed. As so modified the judgment of the trial court is affirmed.

CHAPMAN, J., not sitting.